MARIA W. TAYLOR, APPELLANT, v. J. F. COOTS,
APPELLEE.

[FILED MAY 6, 1891.]

1. **Mortgages**: FORECLOSURE: COLLATERAL ATTACK.. In 1857
one R. J. T. executed a mortgage on certain real estate in Doug-
las county.   In 1872 an action was brought to foreclose the
mortgage, service by publication and a decree of foreclosure, and
sale had under which the real estate was sold, the sale confirmed,
and a deed made to the purchaser.   *Held*, That if the court had
jurisdiction, any errors committed by it in the course of the
proceedings were not subject to collateral attack.

2. ———: ———: SERVICE BY PUBLICATION.   Where the defend-
ant was a non-resident of the state, an affidavit for publication
in which it was set forth that the action was brought to fore-
close a mortgage of real estate in Douglas county, that the de-
fendant was a non-resident and absent from the state and could
not be served with a summons therein, was sufficient to author-
ize service by publication.

3. ———: ———: NOTICE: PUBLICATION.   A notice of the pendency
of an action to foreclose a mortgage published five consecutive
weeks in a weekly newspaper is a good publication, although
one week longer than necessary.

4. ———: ———: PROOF OF PUBLICATION sworn to by the book-
keeper of the company printing the same, is sufficient evidence
*prima facie* of that fact.   The proof may also be made by any
person having actual knowledge of the fact.

5. Jurisdiction: TESTS: COLLATERAL ATTACK. The sufficiency of the petition is not a test of jurisdiction, as the court may commit an error in holding it sufficient; but this, if the court had jurisdiction, will not render the judgment subject to collateral attack. (*Trumble v. Williams*, 18 Neb., 144.)

APPEAL from the district court for Douglas county. Heard below before CLARKSON, J.

*B. G. Burbank,* and *John W. Lytle,* for appellant, cited, as to jurisdiction: *Atkins v. Atkins,* 9 Neb., 192; *Loney v. Courtnay,* 24 Id., 582; *Forbes v. Hyde,* 31 Cal., 342; *Fouts v. Mann,* 15 Neb., 177; *Claypolle v. Houston,* 12 Kan., 324; *Harvey v. Tyler,* 2 Wall. [U. S.], 332; *Morse v. Presby,* 25 N. H., 302; *Furgeson v. Jones,* 17 Ore., 204; *Bland v. Fleeman,* 29 Fed. Rep., 669; *Gapin v. Page,* 18 Wall. [U. S.], 370.

*Wm. D. Becket,* and *Guy R. C. Read, contra:*

The judgment of a court of general jurisdiction cannot be challenged collaterally. (*McCahill v. Ins. Co.,* 26 N. J. Eq., 531; *Sargeant v. Bank,* 12 How. [U. S.], 371, 385; *Grignon's Lessee v. Astor,* 2 Id., 319, 340; *Miller v. Sherry,* 2 Wall. [U. S.], 237, 251; *Florentine v. Barton,* Id., 210, 216; *Miller v. U. S.,* 11 Id., 268, 299; *McNitt v. Turner,* 16 Id., 352, 366; *Erwin v. Lowry,* 7 How. [U. S.], 172, 181; *Griffith v. Bogert,* 18 Id., 158, 164; *Tilton v. Cofield,* 93 U. S., 163, 167; *Sheldon's Lessee v. Newton,* 3 O. St., 494; *Cook v. Darling,* 18 Pick. [Mass.], 393; *Granger v. Clark,* 22 Me., 128; *Huntington v. Charlotte,* 15 Vt., 46, 50; *Smith v. Keen,* 26 Me., 411, 420; *Pierson v. Catlin,* 18 Vt., 77, 84; *Patterson v. Ind.,* 2 G. Green [Ia.], 492, 496; *Warburton v. Aken,* 1 McLean [U. S.], 460; *U. S. Bank v. Voorhees,* Id., 221; *Le Grange v. Ward,* 11 O., 257; *Evarts v. Gove,* 10 Vt., 161; *McCrillis v. Harrison Co.,* 63 Ia., 592.) As to publication of notice: *Fouts v. Mann,* 15 Neb., 172; *Hahn v. Kelly,* 34

Cal., 404; *Galpin v. Page*, 85 U. S., 350; *Harvey v. Tyler*, 2 Wall. [U. S.], 328, 372; *Voorhees v. U. S. Bank*, 10 Pet. [U. S.], 449, 473. As to the petition: *Rowe v. Palmer*, 29 Kan., 337; *Bryan v. Bauder*, 23 Id., 95; *Greer v. Adams*, 6 Id., 203; *Head v. Daniels*, 38 Id., 1; *Upton v. McLaughlin*, 105 U. S., 640; *Hoke v. Halverstadt*, 22 Neb., 421; *McGavock v. Pollack*, 13 Id., 535; *Retzer v. Wood*, 109 U. S., 185.

MAXWELL, J.

A demurrer to the amended petition was sustained in the court below and the action dismissed. The amended petition was as follows:

"That prior to the 11th day of April, 1857, the late Richard J. Taylor was owner in fee simple of lot 7, in block 181, in the city of Omaha, Douglas county, Nebraska; that the said plaintiff was the wife of the said Richard J. Taylor, who died on or about the —— day of February, 1888, and that he left no will nor bequest to any person; that said property was inherited by his heirs, who are the children of this plaintiff and the said Richard J. Taylor, and that said heirs have executed a deed conveying said property to this plaintiff, and she now succeeds to all the rights in said property held by the said Richard J. Taylor; that on said 11th day of April, 1857, the said Richard J. Taylor executed to one Wm. B. Street, a certain mortgage upon said premises held by him at that time to secure a promissory note in the sum of $242.80; that on the 6th day of January, 1872, the said Wm. B. Street commenced foreclosure proceedings against said Richard J. Taylor upon said note and mortgage, by filing a pretended petition in said action. A copy of said petition is as follows, to-wit:

"'In the District Court, Douglas County.  In Equity.

"'WILLIAM B. STREET, Plaintiff,
                    v.                      } Petition.
"'RICHARD J. TAYLOR, Defendant.  } .

"'Now comes the plaintiff and complains and says:

"''First—That on the 11th day of April, 1857, the said defendant made his certain promissory note, dated on said day at Des Moines, Polk county, Iowa, whereby for value received, three months after date I promise to pay to the order of said plaintiff $243.80, at Oskaloosa, Mahaska county, Iowa, and delivered the same to said plaintiff, who thereby became and still is the true and lawful owner and holder thereof.

"''Second—That for the purpose of securing the payment of said note by his certain indenture of mortgage of even date therewith, said defendant conveyed to said plaintiff certain lands described as follows: lot 8 in block 99, lot 8 in block 160, lot 1 in block 254, lot 3 in block 184, and lot 7 in block 181, in the city of Omaha, in Douglas county, subject to a condition that the same should be void in case of non-payment of said note at the time agreed to between the parties, which mortgage was duly executed and acknowledged, and on the 18th day of July, 1859, recorded in the registry of said county.

"''Third—That no part of said note has ever been paid or collected, and no proceedings have been had at law to enforce the same.

"''Wherefore said plaintiff prays a judgment of foreclosure and sale of said premises; that the proceeds arising on said sale be applied to pay said mortgage debt; that execution be granted for any deficiency that may arise after the said sale, or the proceeds thereof, to answer said debt, and that he may have all other relief necessary and proper, with costs.

"''ALBERT SWARTZLANDER, AND
"''J. M. WOOLWORTH,
"''*Plaintiff's Attorneys.*'

"The above petition was in no manner verified as required by law.

"Fourth—In connection with the above petition plaintiff filed an affidavit for the purpose of obtaining service by publication upon the said Richard J. Taylor, who is a non-resident of the state of Nebraska. The following is a copy of said affidavit:

"'STATE OF NEBRASKA, } ss.
"'DOUGLAS COUNTY,

"'Albert Swartzlander, being duly sworn, says that he is one of the attorneys for plaintiff in above petition; that the plaintiff and defendant is each a non-resident of, and absent from this state; that said defendant cannot be served with summons therein; that this action is brought to foreclose a mortgage and the sale of real estate in said county under mortgage.     ALBERT SWARTZLANDER.

"'Subscribed in my presence and sworn to before me this 6th day of January, 1872.

"'GEORGE ARMSTRONG, *Clerk.*'

"Fifth—Plaintiff further alleges that said William B. Street commenced the publication of service on the 3d day of January, 1872, and three days before the petition in said cause and the affidavit for service had been filed in said district court; that proof of said service was filed in said court on the 11th day of March, 1872; that the affidavit of proof of publication was made by L. Richardson, one of the proprietors of the Omaha *Weekly Herald,* a newspaper published in Omaha, Nebraska. Wherefore plaintiff says that said service was wholly null and void and of no effect for the purpose of service upon said Taylor.

"Sixth—That on the 28th day of February, 1872, the said William B. Street commenced a second publication of said notice for service in said newspaper, thereby seeking to obtain jurisdiction in said cause. The affidavit which was filed to prove the service was made by John S. Briggs, who was a book-keeper of said newspaper, and is as follows:

"'John S. Briggs, being duly sworn, deposes and says that he is a book-keeper of the Omaha *Weekly Herald*, a newspaper published in Omaha, in said county of Douglas; that the printed notice hereto attached was published in said weekly newspaper five consecutive weeks next after and including the 28th day of February, A. D. 1872. The said newspaper was, during that time, in general circulation in the county of Douglas and state of Nebraska.

"'JOHN L. BRIGGS.

"'Sworn to before me and subscribed in my presence this —— day of ——.'

"Plaintiff alleges that said affidavit is no proof of the publication, because the said affidavit is not made by the printer of said newspaper, the foreman, or chief clerk, nor by any one who swears of his own knowledge that said publication was so made, and was therefore null and void.

"Seventh—That on the 18th day of April, 1872, a decree was rendered in said cause; that said decree was rendered without the knowledge or appearance of said Richard J. Taylor, or any one for and on his behalf. The following is a copy of said decree.

"'The default of the said defendant having been heretofore entered in this cause, and he still failing to answer the petition herein, on motion of J. M. Woolworth this court computes and finds the amount due by said Richard J. Taylor for principal and interest to the first day of this term, and protest upon the mortgage debt in the petition mentioned, to be $604.32, and that the several allegations in the said petition are true. It is further ordered and adjudged and decreed:

"'First—That the mortgage premises in the petition mentioned, to-wit, lot 8 in block 99, lot 8 in block 160, lot 1 in block 254, lot 3 in block 184, and lot 7 in block 181, in the city of Omaha, Douglas county, Nebraska, be sold by the sheriff of this county, upon said proceedings as are in that behalf prescribed by law for the sale of real estate on execution.

" 'Second—That the sheriff apply the proceeds arising on said sale, first, to the costs, disbursements, and expenses to which in and about said sale he may be subject; second, to the payment of his commissions attending said sale and the costs of this suit; third,. to the payment of the said plaintiff of the sum so as aforesaid in and by this judgment found due to him, together with interest thereon from the first day of this term, and that he may bring the surplus arising on said sale, if any there be, into this court to abide its order in the premises, and that the said sheriff report his proceedings to the court with all convenient speed ; fourth, that the said defendant be and he is barred and foreclosed of and from all right, claim, and equity of redemption of, in, or to the said mortgaged premises and every part thereof.'

" Eighth—That the petition above set forth does not set forth a cause of action, but expressly states that said mortgage was to be null and void in case of non-payment of said note at the time agreed to between the parties ; that said note was not paid when due. The decree above set forth finds that the several allegations in the said petition are true ; wherefore plaintiff alleges that said decree is wholly null and void and of no force and effect.

" Ninth—That the said note and mortgage could not constitute a valid cause of action at the time said suit was commenced, because the statute of limitations had raised a complete bar to the beginning of said suit, no part of said note having been paid within fourteen years from the time when the same was due and payable, and no promise having been made to pay the same after the statute had interposed a bar to the maintenance of the action. Wherefore plaintiff says that all of the said proceedings were null and void.

" Tenth—That on the 25th day of May, 1872, an order of sale was issued, based upon said decree, and on the 28th day of June, 1872, said lot 7 in block 181 was sold there-

Taylor v. Coots.

under to one A. W. Street for $135; that said premises have been conveyed through numerous persons to the defendant herein; that by reason of the null and void proceedings in said cause, said A. W. Street, and all who claim under and through said sheriff's sale, had due and legal notice of the rights of the said Richard J. Taylor in and to said premises, and that defendant herein is not a *bona fide* purchaser of the same.

"Eleventh—That there was no affidavit filed whereon to base a second publication in said newspaper heretofore mentioned, and that the affidavit first filed for service by publication was null and void for the purpose of forming a basis for a second publication of service; that she hereby tenders into court such sum of money as the court may find is due the defendant herein by reason of said foreclosure suit, or the sale thereunder, in case the court finds any sum to be so due and a charge upon said estate. Wherefore. plaintiff prays that said title to said lot be forever quieted in this plaintiff, and for costs of suit."

The question presented in this case is, Did the court in the action to foreclose the mortgage have jurisdiction? The fourth subdivision of section 77 of the Code provides for service by publication:

"In actions which relate to, or the subject of which is, real or personal property in this state, where any defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partially in excluding him from any interest therein, and such defendant is a non-resident of the state, or a foreign corporation.

"Sec. 78. Before service can be made by publication, an affidavit must be filed that service of a summons cannot be made within this state on the defendant or defendants to be served by publication, and that the case is one of those mentioned in the preceding section. When such affidavit is filed, the party may proceed to make service by publication.

"Sec. 79. The publication must be made four consecu-
tive weeks in some newspaper printed in the county where
the petition is filed, if there be any printed in such county;
and if there be not, then in some newspaper printed in the
state, of general circulation in that county. It must con-
tain a summary statement of the object and prayer of the
petition, mention the court wherein it is filed, and notify
the person or persons thus to be served when they are re-
quired to answer.

"Sec. 80. Service by publication shall be deemed com-
plete when it shall have been made in the manner and for
the time prescribed in the preceding section, and such serv-
ice shall be proved by the affidavit of the printer, or his
foreman or principal clerk, or other person knowing the
same."

It will be observed that it appears from the affidavit for
publication that the action was brought to foreclose a mort-
gage on real estate in Douglas county, and that the defend-
ant was a non-resident of and absent from the state and
could not be served with a summons therein. This was
sufficient to authorize service by publication.

The notice to the defendant was published five consecu-
tive weeks, evidently out of a superabundance of caution,
so that the publication should be for four full weeks.
This was proper and favorable to the defendant, although
all that the law requires is four weekly publications. The
notice therefore was sufficient.

It is objected that Briggs, who swears to the publication,
was book-keeper of the Omaha *Weekly Herald*, and there-
fore the proof of publication is not sufficient. Sec. 80
provides that the service may be proved by the affidavit of
the printer, his foreman, or principal clerk, or other per-
son knowing the same. The book-keeper no doubt was
principal clerk of the *Weekly Herald*, and had express
authority to make the affidavit. The number of publica-
tions could be proved by any one knowing the facts even

if not connected with the paper, and were it necessary the court would permit proof to be made even after judgment. But that is unnecessary in this case. The case was tried before a capable and painstaking judge, who no doubt was convinced that Briggs was the principal clerk, and the court held the affidavit sufficient, and in this collateral attack we must so hold.

Objections are made to the petition to foreclose the mortgage, that it does not state facts sufficient to constitute a cause of action. The court before which the case was tried sustained the petition and granted the decree of foreclosure and sale, and after the sale of the premises confirmed it, and caused a deed to be made to the purchaser. The sufficiency of the petition is not a test of jurisdiction. This court so held in *Trumble v. Williams*, 18 Neb., 144. The court may commit an error in sustaining an insufficient petition. That, however, does not affect the validity of the judgment if no direct proceeding is had to vacate or set it aside, providing the court had jurisdiction.

A number of the questions presented in this case were decided in *Day v. Thomson*, 11 Neb., 123, and the sale of real estate under an attachment sustained. The whole course of the legislation of this state has favored the repose of titles. A reasonable time is given to everyone to assert his claims in the courts, but if he fails to do so within the periods provided by law, his right to proceed will be barred. There is but little justice in allowing a party to lie by for thirty years and practically abandon his claim to certain real estate; allow others to pay the taxes and bear the burdens cast upon it with the various improvements, and to support the state government and state institutions, and afterwards come in with an air of injured innocence claiming the land as his own. Such conduct does not comport with good citizenship and should not be encouraged by the courts.

The petition fails to state a cause of action, and the de-

murrer thereto was properly sustained. The judgment of the court below is therefore

AFFIRMED.

The other judges concur.