CHARLES G. PIERSON v. WILLIAM T. BENEDICT *et al.*
No. 128.

JUDGMENT — *court cannot vacate, at subsequent term on motion.* There is no authority in the law for a trial court, at a subsequent term, to set aside a judgment duly rendered, on account of mere error of law committed by the court; and such order of vacation being void, the original judgment will be treated by the Appellate Court as an existing and valid judgment, no exceptions to its rendition and no proceedings in error to reverse the same, having been taken.

Error from Pratt District Court. Hon. W. A. Bashore, Judge. Opinion filed May 20, 1897. *Reversed.*

*Beardsley & Gregory*, for plaintiff in error.
No appearance for defendants in error.

MILTON, J. On April 10, 1891, plaintiff in error filed his petition in the District Court of Pratt County, to foreclose a mortgage which secured seven notes for forty-eight dollars each, falling due successively on the first day of January in each year from 1888 to, and including, 1894. The mortgage among other things provided that if the mortgagors " shall fail to pay either or any of the said sums of money when the same shall become due, . . . said second party may declare the whole sum or sums secured by these presents immediately due and payable.''

The notes and mortgage were given by William T. Benedict and Mary Benedict, who had wholly failed to pay the notes or any part thereof, and the petition contained as exhibits copies of the notes and mortgage. Defendants filed an unverified answer containing merely a general denial. Plaintiff then filed a motion for judgment on the pleadings; and afterwards, on the twenty-first day of November, 1891, said motion was sustained and judgment entered for plaintiff for $533 and foreclosure of the mortgage. The journal entry of judgment was filed on November 23, 1891. No further proceedings whatever were had in the cause until June 28, 1892, when the defendants, Benedict, filed their motion to set aside and vacate the judgment. The motion contained four grounds, the first of which is the only one of importance. It is as follows: "That the pretended petition, upon which the pretended judgment was rendered, does not state facts sufficient to constitute a cause of action against these defendants in favor of the plaintiff."

Two regular terms of court had been held after the rendition of the judgment and before the filing of this motion. On November 25, 1892, the court sustained the motion, and caused a journal entry to be made by which the judgment was vacated. In this journal entry it is specifically stated that the motion was sustained for the reason set out in the first clause of the motion. Plaintiff brings the case here for review. It appears that no evidence was offered in support of the motion to vacate. The only reason for vacating this judgment appears to have been, that the trial court held that the option to declare all the notes due by reason of default in the payment of one of them should have been exercised, if at all, within a reasonable time after default, and that it was not so

792          PIERSON v. BENEDICT.

S. Dept.          Opinion.   Milton, J.          5 Kan. App.

exercised. It will be observed that the defaults took place as the notes matured. The allegation that the plaintiff exercised the option is as follows : " Which option plaintiff has exercised and has declared the whole of said notes due and payable." No specific date at which the option was exercised is stated in the petition, and the court held, without any evidence being introduced, that it was not exercised until the time of the filing of the petition.

If the defendants had desired to have the petition made more definite and certain in regard to the date of the election, they should have filed a motion for that purpose. No such motion was filed, nor were any exceptions taken when the decree of foreclosure was entered. *Conaway v. Gore*, 24 Kan. 389 ; *St. L. & S. F. Rly. Co. v. Snaveley*, 47 id. 637 ; *Swearingen v. Lahner*, 61 N. W. Rep. (Iowa) 431. In the latter case it is held that the defendants should have pleaded waiver or estoppel, if they desired to show that plaintiff had waived his right of election.

As the petition set forth copies of the notes and mortgage sued on, and the answer was a mere general denial, judgment would follow as a matter of course. Therefore it was proper for the court to render judgment on the pleadings. The defendants did not except to such action by the court, although their attorneys were present ; and no appeal was taken.

We hold that it was improper for the trial court to vacate the judgment upon the ground stated, and that said order of vacation was unauthorized by statute or precedent. The ground stated is not a statutory ground. The statute gives the court power to vacate its own judgments, after the term at which they are entered, upon such grounds only as are specifically stated therein. In the absence of this statute the

court could not vacate its own judgments after the term at which they are entered, except where the same were void or voidable on account of something extraneous thereto. The power to vacate judgments is not intended as a means for the court to review or revise its own judgments, or to correct any errors of law into which it may have fallen.

That a judgment is erroneous as a matter of law, is ground for an appeal, writ of error or *certiorari*, according to the case, but is not ground for setting aside the judgment on motion. The statutes enacted in many of the states, including our own, granting power to vacate judgments, do not authorize the court at a subsequent term to set aside a judgment, duly rendered, on account of mere errors of law committed by the court. A decree of a court of equity cannot be set aside, on motion, for defective allegations in the bill, or for defective pleadings; the proper remedy is by bill of review. See Black on Judgments, vol. 1, § 329 — from which part of the foregoing language is taken — and the cases there cited.

As the order of vacation was without authority, it follows that the decree of foreclosure originally entered still stands. The case will, therefore, be reversed, with instructions to the District Court to enter an order setting aside said order of vacation and permitting further proceedings in accordance with the original judgment and decree of foreclosure.