A. W. Rumsey v. The Kiowa Town Company.

No. 364.

Practice—*Dismissal of Action—Reinstatement.*  Where the plaintiff's action was dismissed, and the case was continued for trial upon the defendant's counter-claim, and where at the second term of court thereafter, over the objections of the defendant, the plaintiff's action was reinstated upon a motion containing no grounds or reasons for such reinstatement, *held*, error.

Error from Barber district court; G. W. McKay, judge. Opinion filed July 13, 1898. Reversed.

*Chester I. Long*, for plaintiff in error.

*C. W. Ellis*, for defendant in error.

The opinion of the court was delivered by

Milton, J.: The single question presented by the record is, Did the court err in reinstating the plaintiff's case after its dismissal without prejudice at the request of the plaintiff?

The dismissal was made at the November, 1892, term of court, and the motion to reinstate was filed at the May, 1893, term, the February term intervening. The defendant had set up a counter-claim exceeding the amount claimed by the plaintiff, and after the plaintiff's action was dismissed insisted upon a trial of the issue raised by the counter-claim. A trial was had; the jury disagreed and was discharged. The court ordered "that the cause of action of defendant against plaintiff as set out in his answer be continued to the next term of this court." At the February term the trial upon the counter-claim was continued to the May term. At the latter term the plaintiff's case was reinstated, on motion, over the objection of the defendant, and a jury trial was had, resulting in

a verdict and judgment in favor of the plaintiff for the amount of its claim.

Counsel for plaintiff in error says :

"When the court made the order dismissing plaintiff's cause of action, and when the term of court at which the order was made finally ended without any further proceedings having been taken to reinstate plaintiff's cause of action, the court was without jurisdiction at a subsequent term to modify or change the order so made."

To this counsel for defendant in error responds :

"This would undoubtedly be true were it not for the fact that the plaintiff in error had filed a counterclaim for $608.70 which he insisted upon having tried, and which he had a right to have tried, notwithstanding the plaintiff had dismissed his cause of action. This counter-claim kept both parties in court."

It thus appears that no controversy exists touching the rule of law generally applicable in· respect to dismissals. Is the present case an exceptional one, as claimed by the defendant in error? We think the last question must be answered in the negative. Under the code a dismissal is a judgment. (*Moore v. Toennisson*, 28 Kan. 608).

Considering the dismissal in this case as a judgment, there was no power in the trial court to set the same aside and reinstate the plaintiff's action at a term subsequent to that at which the judgment was rendered, upon a mere motion which contained none of the grounds mentioned in section 601 of the civil code. (*The State, ex rel., v. Sowders*, 42 Kan. 312 ; *Johnson v. Jones*, 58 id. 745 ; *Pierson v. Benedict*, 5 Kan. App. 790.)

The judgment of the district court is reversed.