**KAUFMAN et al. v. GROW.**

No. 6664—Opinion Filed February 29, 1916.

Rehearing Denied June 20, 1916.

(158 Pac. 300.)

**1. Judgment—Motion to Vacate—Grounds— Invalidity.**

Where the petition charges that, in consideration of a designated amount paid, plaintiff purchased from defendants certain real estate

and received a warranty deed with covenants of title, and further charges that at the execution and delivery of the deed paramount title was not in the defendants but in another, and that plaintiff had been evicted, and where the answer admits the execution of the deed and reception of the consideration, but states other matters, which, if proven on the trial, would have been sufficient to defeat plaintiff, and the journal entry of the record shows, "The above numbered and entitled cause coming on to be heard after having been regularly set for trial, and service having been heretofore had and answers filed, the court being fully advised finds that the allegations of plaintiff's petition are true, and plaintiff is entitled to recover of and from defendants," etc., ordering, decreeing and adjudging that the plaintiff have and recover of and from defendants a specified sum, etc., held, that the judgment is not void, and where a motion is filed more than three days after rendition of the judgment, charging that it was void because the petition does not state facts sufficient to constitute a cause of action, it is not well taken.

2. Same—Relief Granted.

Held, that the journal entry of judgment does not bear out the contention that the judgment was rendered on the pleadings, that defendants have pursued a course not authorized by law, and relief cannot be granted, if error was committed during progress of the trial.

(Syllabus by Watts, C.)

Error from District Court, Oklahoma County; John J. Carney, Judge.

Action by Antonio Grow against C. E. Kaufman and another. Judgment for plaintiff, and defendants bring error. Affirmed.

J. S. Jenkins, J. Will Laws, and A. E. Jenkins, for plaintiffs in error.

H. A. Kroeger and H. A. King, for defendant in error.

Opinion by WATTS, C. This case comes from the district court of Oklahoma county, where plaintiffs in error were defendants and defendant in error was plaintiff. Petition in error and case-made were filed here July 24, 1914. We will treat the parties as styled in the lower court. The petition charges that on the 17th of September, 1912, in consideration of $790 paid, he purchased from defendants certain real estate in Oklahoma City, and received a warranty deed with covenants of title, excepting, however, a certain mortgage incumbrance of $210, which plaintiff assumed and agreed to pay, but charges that, at the execution and delivery of the warranty deed, paramount title was not in the defendants, but in another, and that plaintiff had been evicted. Copy of the deed was attached to and made a part of the petition. Plaintiff prayed judgment for $790 and interest. The deed is in the usual

form and was filed for record September 18, 1912.

January 17, 1913, a general demurrer to the petition was overruled, and on January 27, 1913, defendants answered admitting the execution of the deed and reception of the consideration, that is, the payment of $790, consisting of assigning and transferring of certain notes and chattel mortgages to defendants, but alleged other matters which, if they had been proven on the trial, would have been sufficient to defeat plaintiff.

The record contains the following recital:

"And afterwards, to wit, on August 12, 1913, an order of court was entered duly setting this cause for trial on September 24, 1913."

On August 20, 1913, plaintiff filed motion for judgment on the pleadings. The journal entry showing the judgment is as follows (omitting caption):

"Journal Entry.

"The above numbered and entitled cause coming on to be heard after having been regularly set for trial, and service having been heretofore had and answers filed, the court being fully advised finds that the allegations of plaintiff's petition are true, and plaintiff is entitled to recover of and from defendants and each of them the sum of $790, with interest at the rate of 10 per cent. per annum from September 17, 1912, to date, amounting to $79, and for the cost of this action.

"It is therefore ordered, decreed, and adjudged by the court that the plaintiff have and recover of and from defendants and each of them the sum of $869, with interest on said judgment until paid at the rate of 10 per cent. per annum until paid, for which let execution issue.

"Done in open court this September 25, 1913."

On December 2, 1913, defendants filed motion to vacate and set aside the judgment. It states (omitting caption):

"Comes now the defendants, C. D. Kaufman and Maud Kaufman, and moves the court to vacate and set aside the judgment rendered against them in this cause on the 25th day of September, 1913: (1) Because the said judgment is void, for the following reasons, to wit: Because the petition does not state facts sufficient to constitute a cause of action against the defendants. (2) The judgment prayed for is for damages and the same was rendered on motion for judgment on the pleadings and without the introduction of any evidence. (3) The judgment rendered was not within the issues of the pleadings. (4) Because the defendants had filed separate answers setting up a good and valid defense to plaintiff's pretended cause of action, and the allegations in said answer were not de-

nied, but specifically admitted by reason of said motion for judgment."

On June 6, 1914, the motion was heard and denied, from which defendants appeal, and assign as error:

"(1) The court erred in overruling the defendants' motion to vacate and set aside the judgment rendered on the pleadings in this cause.

"(2) In rendering judgment on the pleadings, because there was no notice to defendants of such motion and because the petition did not state a cause of action.

"(3) In rendering judgment for damages on a motion for judgment on the pleadings, without evidence and without notice of said motion.

"(4) In rendering judgment on the pleadings, both defendants having answers on file, setting up a good and valid defense, and the facts set up in said answers not being denied by the plaintiff."

Under the facts as presented by the record, it seems to us but one question is preserved, "Is the judgment void?" Counsel for defendants insist that it is, and say the petition does not state facts sufficient to constitute a cause of action; but with this contention we cannot agree. Counsel say plaintiff did not offer to return, or tender in his petition, a deed to defendants for the property, but because of defendants' failure to take the proper steps and timely exception, followed by a motion for new trial, etc., within the three days' statutory time, they cannot now, in the condition of the record, raise what perhaps would not have been more than an erroneous act of the court, and which might have resulted in a reversible error.

In the case of Smith v. Finger, 15 Okla. 120, 79 Pac. 759, paragraph 4 of the syllabus, it is said:

"Where a court has jurisdiction of the subject-matter of an action and of the parties, and the judgment rendered is not in excess of the jurisdiction and powers of the court, errors and irregularities in the proceedings by which the judgment was obtained will not render the judgment void; but, until vacated or set aside in a proper proceeding, it is valid and binding upon the parties."

The eighth ground for a new trial, under section 5033, Rev. Laws 1910, is:

"Error of law occurring at the trial, and excepted to by the party making the application."

Section 5035 provides:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and * * * shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

It will therefore be seen that defendants made no proper effort to follow and pursue that which might have been a ground for a reversal. The contention that the judgment is void, because plaintiff did not allege in his petition a return or an offer to return the deed mentioned, cannot be sustained, because the court had jurisdiction of the parties, subject-matter, and the particular question decided. Black on Judgments (2d Ed.) vol. 1, sec. 215. Defendants further contend the judgment was rendered on the pleadings, on motion of plaintiff. The journal entry of the judgment does not bear out the claim; but, if true, they should have saved an exception and filed transcript in this court within six months or petition in error and case-made, and we could have considered the question; but they have pursued a course not authorized by law, and we cannot grant relief, if error was committed during the progress of the trial.

The judgment should be affirmed.

By the Court: It is so ordered.