## CHIVERS v. BOARD OF COM'RS OF JOHNSTON COUNTY.

No. 8074—Opinion Filed Dec. 5, 1916.

(161 Pac. 822.)

1. **Appeal and Error—Decisions Reviewable—Orders After Judgment.**

An appeal lies to this court from an order of the trial court that plaintiff take nothing by reason of a former judgment and that the

payment of the same be permanently enjoined.

**2. New Trial—Nature of Petition—Form of Original Proceeding.**

A petition for new trial is not proper or allowable, where there has been no issue of fact raised by the pleadings or determined by the verdict of a jury or its legal equivalent upon a former trial in the same court.

**3. New Trial—"Issue of Fact."**

An issue of fact which may be re-examined upon a new trial arises only upon a material allegation in the petition controverted by the answer, upon new matter in the answer controverted by the reply, or upon new matter in the reply considered as denied without further pleading.

**4. Judgment—Validity—Jurisdiction.**

A judgment rendered in a cause in which defendant appears and pleads, and in which the petition brings before the trial court a subject-matter within the jurisdiction of the court, but states the plaintiff's cause of action defectively, or not at all, all parties being within the jurisdiction of the court, is erroneous, but is not void.

**5. Judgment — Default — Requisites — Effect of Appearance.**

Defendant appeared in the cause, filed a demurrer, and was present at the final hearing, and joined in submitting the cause to the court. Held, that the judgment rendered was not a judgment by default.

(Syllabus by Burford, C.)

Error from District Court, Johnston County; J. H. Linebaugh, Judge.

Action by C. E. Chivers, guardian, against the Board of County Commissioners of Johnston County. Judgment for defendants, and plaintiff appeals. Reversed and remanded, with directions.

Sam H. Butler, for plaintiff in error.

P. B. H. Shearer, Co. Atty., and J. J. Stobaugh, Asst. Co. Atty., for defendant in error.

Opinion by BURFORD, C. C. E. Chivers, as guardian of certain minors, sued the board of county commissioners of Johnston county to recover certain taxes paid by him. On October 24, 1914, after service and appearance and filing of a demurrer, by the county attorney, it seems, from the journal entry, both parties appeared and "the cause was submitted to the court," who thereupon heard evidence and rendered judgment for plaintiff and against defendants for a part of plaintiff's demand. No exception was taken to this judgment, and no appeal perfected. Some eleven months thereafter, to wit, on September 25, 1915, the defendants by the county attorney filed a petition in said cause setting out the judgment and alleging same was rendered "under chapter 152 of Laws of 1910-11, and that after the rendition of said judgment and on the 15th day of June, 1915, the Supreme Court of Oklahoma, in the case of E. B. Johnson v. Grady County, reported in 50 Okla. 188, 150 Pac. 497, held that part of said chapter unconstitutional and void, and that said judgment at the time it was rendered was unconstitutional and void, and that said judgment at the time it was rendered was contrary to law, and that this fact could not with reasonable diligence have been discovered until the decision of the Supreme Court, but the same was discovered after the term at which said judgment was rendered and without fault of defendant herein." Prayer was that the court "set aside and hold for naught the said judgment in this case, and that the county treasurer of said county of Johnston be temporarily restrained from paying said judgment or any part of said judgment, and that the petitioner have a new trial in this cause and for all proper relief." This petition was verified and was filed after the term at which the original judgment was rendered, but prior to the next succeeding term. It will be noticed that the county treasurer was not a party to this proceeding. The plaintiffs then appeared specially and moved to "quash the service herein," alleging that "there has been no service," and that he "therefore asks that the same be quashed." Upon this motion being overruled, plaintiff filed a "demurrer to the petition for new trial" upon the ground that same was insufficient in law. This "demurrer" was by the court on October 4, 1915, overruled; said "defendant given ten days to plead." The court on the same day temporarily restrained the county treasurer from paying the judgment or any part thereof "until the further order of the court." On October 21, 1915, plaintiff filed a motion "to set aside and revoke the order made in this cause on October 4, 1915. which set aside the former judgment of this court and also granted defendant a temporary restraining order."

A careful examination of the various orders above referred to constrains us to hold that the trial court had not at this time "set aside" any former judgment. He had only ordered that the matter of payment by the treasurer be held in statu quo until his further order and had overruled plaintiff's "demurrer" and given him leave to plead. Inasmuch as the statute (section 5037) provides that "the facts stated in the petition shall be considered as denied without answer," it does not appear what pleading plaintiff might have filed; but, at any rate, he had the leave and clearly his original judgment had not yet been vacated or set aside. On the

same day that plaintiff filed this latter motion, the same came on for rehearing. Two journal entries reciting the court's action appear in the record. Construing them together, it appears that the trial court overruled plaintiff's motion, found that the original judgment rendered on October 24, 1914, "was void and of no effect," and ordered that plaintiff "take nothing by his judgment rendered on October 24, 1914," and, without granting any new trial, made the temporary restraining order, theretofore issued against the county treasurer, a perpetual injunction, and rendered judgment for the defendant board for costs. Exception being taken, an extension of time to perfect an appeal was allowed, and within proper time the cause brought here for review.

At the outset, we are confronted by the contention of defendant in error that no proper appeal is before us for consideration. This is based upon the contention that the judgment of October 24, 1914, was set aside on October 4, 1915; that plaintiff Chivers' motion to vacate of October 21, 1915, and the overruling thereof on that day, was insufficient to confer a right to review the judgment of October 4th, on appeal, the 15 days for appeal therefrom allowed by statute, no extension having been granted, having expired prior to the time plaintiff's motion of October 21, 1915, was filed. The fallacy of this argument is that, as above shown, the court did not make any final order in relation to the judgment of October 24, 1914, until October 21, 1915. We may leave out entirely plaintiff's motion and demurrer. The trial court on October 21, 1915, set aside, vacated, and perpetually enjoined the enforcement of his prior judgment. From this order clearly he had a right to appeal, having properly objected and excepted thereto. Sections 5236-5239, Rev. Laws 1910.

The order in this case is clearly distinguishable from the order held not appealable in such cases as Town of Byars v. Sprouls, 24 Okla., 299, 103 Pac. 1038, Aetna Bldg. & Loan Ass'n v. Williams, 26 Okla. 191, 108 Pac. 1100, and Clapper v. Putnam Co., 70 Oklahoma, 158 Pac. 299. In those cases the court vacated the former judgment and ordered a new trial. Hence each cause was not finally determined until the new trial was had and a final judgment rendered. Here the judgment was set aside, held void, and its payment enjoined. Clearly there was nothing more to be done by the plaintiff in the trial court. His rights, if any he had, under his petition, were finally determined against him. Nothing was left but a right of appeal. Such order not only "grants an injunction," but "affects a substantial right" and determines the action "upon" summary application "after judgment," and brings the matter within the statute governing appeals.

Upon the merits, the defendant seeks to justify his pleading under section 5037, Rev Laws 1910, authorizing in certain cases the filing after the term of a petition for new trial. This section of the statute contemplates only the granting of a new trial in proper cases. After an examination of the record in this case, we are convinced that if the defendant's application be construed only as a petition for a new trial under section 5037, supra, it could avail nothing by reason of the fact that a petition for new trial has no proper office and could not rightfully be granted in this cause. This for the reason that there never was an issue of fact presented or determined preceding the original judgment, and therefore there could not be a new trial. Under our statute (section 5033, Rev. Laws 1910), "a new trial is a re-examination in the same court of an issue of fact, after a verdict by a jury, the approval of the report of a referee or a decision by the court." See Price & Miller v. Ratcliffe, 47 Okla. 370, 148 Pac. 153.

In the original proceeding a petition and demurrer thereto were filed. The record then shows that the parties appeared and "the cause was submitted to the court." Apparently the only thing to be submitted was the petition and demurrer thereto. The journal entry of the judgment does show that the trial court heard "the evidence offered," but so far as the record shows, there was no answer filed, and in no way were the facts alleged in the plaintiff's petition controverted. It is difficult to see, therefore, how an "issue of fact" arose upon the original trial which could be re-examined in a new trial. In Owen v. District Court, 43 Okla. 442, 143 Pac. 17, this court quoted and approved the language of the Supreme Court of Kansas in McDermott v. Halleck, 65 Kan. 403, 69 Pac. 335, as follows:

"We are of the opinion that the conclusions which naturally, logically, and inevitably result from an examination and comparison of the different Code provisions having reference to trials and new trials are these: First, the only pleadings possible under the Code are the petition, answer, reply, and demurrer; second, issues can only arise upon pleadings; third, a trial is had only of issues; fourth, a new trial is had only of issues of fact after such issues of fact have been * * * determined by a referee, a jury, or a court; fifth, the issues of fact so to be re-examined upon a new trial must have

arisen upon a material allegation in the petition controverted by the answer, new matter in the answer controverted by the reply, or new matter in the reply denied without further pleading."

The language of this same case, upon the same propositions, is also adopted and approved by this court in Powell v. Nichols et al., 26 Okla. 734, 110 Pac. 762, 29 L. R. A. (N. S.) 886. The language used is but another statement of the statute. Sections 4989-4991, Rev. Laws 1910.

In Cowart v. Parker-Washington Co., 40 Okla. 56, 136 Pac. 153, this court said:

"The purpose of a motion for new trial is to procure a re-examination of an issue of fact in the same court. Where there has never been any examination of an issue of fact, there can be no re-examination or new trial."

In Clapper v. Putnam Co., 70 Oklahoma, 158 Pac. 297, this court quoted and approved the language of the Supreme Court of Kansas in Wagner v. A., T. & S. F. R. Co., 73 Kan. 283, 85 Pac. 299 (referring to what is section 5033, Rev. Laws 1910), as follows:

"From this language it is plain that a motion for new trial has no function to perform unless an issue of fact has been * * * determined and the determination has been embodied in one of three specified forms. Not only must there have been a trial, a judicial examination of the issues of fact, but these issues must have been definitely settled by the verdict of a jury, or its equivalent, final and conclusive upon the facts unless vacated. Until that stage of the proceedings in an action has been reached, the condition precedent to the filing of a motion for a new trial does not arise; the single circumstance capable of creating a field for its operation has not occurred; the only subject-matter vulnerable to its attack does not exist. There is no such thing as a new trial of issues of law."

Under these decisions, which, upon examination, must be taken to be sound in principle, no issue of fact was raised by answer or other pleading prior to the rendition of the original judgment. No such issue could have been determined. There could therefore be no new trial. It is insisted, however, that the judgment rendered below was void, and that, this condition being shown to the trial court by defendant's petition, the court had power to set it aside. The trial court evidently took the view that the judgment was void, since he so declared it, vacated it, and enjoined its operation, without granting a new trial. If it be true that the judgment was wholly void, we have no doubt of the power of the court to vacate it. A "void judgment is in reality no judgment at all. It is a mere nullity. It is attended by none of the consequences of a valid adjudication, nor is it entitled to the respect accorded to one. It can neither affect nor impair rights." Black on Judgments, sec. 170; Jefferson v. Gallagher, 56 Okla. 405, 150 Pac. 1071. Its operation may be enjoined (Rev. Laws 1910, sec. 4881) or set aside upon motion at any time, whether during the term when rendered or thereafter, by any party affected thereby. (Rev. Laws 1910, sec. 5741; Choi v. Turk, 55 Okla. 499, 154 Pac. 1000, and cases cited). It is not necessary to plead a meritorious defense in a motion to vacate such a judgment. Wheatland Grain & Lumber Co. v. Dowden, 26 Okla. 441, 110 Pac. 898. It may be attacked collaterally. Jefferson v. Gallagher, supra. Some courts have even held that a void judgment may be vacated after the term by the court upon its own motion. 23 Cyc. 948, and cases cited. But a void judgment is to be clearly distinguished from one voidable only. The distinction, says Mr. Black (Judgments, sec. 170), is almost universally to be made upon "the single case where there was a total want of jurisdiction to render it." A judgment may have been erroneous, voidable upon appeal, and yet not be void. If the court had jurisdiction of the parties and subject-matter, and rendered a judgment within the issues, though such judgment might have been erroneous and reversible for error of law committed by the trial court, the judgment is not void, and the statute relating to vacating void judgments is not applicable to it. Gray et al. v. Gray et al., 57 Okla. 667, 157 Pac. 730; Clark v. Roman, 50 Okla. 780, 151 Pac. 479; Gill v. Executive Committee, 52 Okla. 553, 152 Pac. 812; Kaufman v. Grow, 59 Okla. 193, 158 Pac. 300; Smith v. Finger, 15 Okla. 120, 79 Pac. 759. Jurisdiction, said this court in Jefferson v. Gallagher, supra, is based upon three things: (1) Jurisdiction of the parties. (2) Jurisdiction of the general subject-matter. (3) Jurisdiction of the particular matter which the judgment professes to decide.

Bearing these principles in mind, we come to the consideration of the record in relation to the present judgment. The original petition alleged, in substance, that plaintiff was guardian of certain minors, citizens of the Chickasaw Nation, who owned certain lands therein described as their allotted portions of the tribal lands; that the county authorities had attempted to levy taxes upon the lands for several years; that plaintiff refused to pay, alleging that the taxes so levied were illegal and void; that, finally, to effect a desired sale of the lands, being required to do so by the purchaser, he paid the taxes under

protest, notifying the treasurer that he would seek to recover them back. Prayer was for the recovery of the taxes and interest. Judgment was for a portion of the amount demanded. Under the allegations of the petition and the decision in Choate et al. v. Trapp, Auditor, 224 U. S. 665, 32 Sup. Ct. 565, 56 L. Ed. 941, there can be little doubt of the invalidity of the tax. At the time the case was filed and tried, chapter 152, Laws 1910-11, allowing the recovery of taxes voluntarily paid upon erroneous assessments, was on the statute books. In Johnson v. Grady County, 50 Okla. 188, 150 Pac. 497, this court held that the portion of that chapter above referred to was unconstitutional because not embraced in the title to the act. It may be conceded that the petition did not state sufficient elements of duress or oppression to constitute a cause of action. The court had admittedly jurisdiction of the subject-matter of suits against the county to recover taxes. This sort of action, brought under proper circumstances, existed long before and entirely independent of chapter 152 of the Laws of 1910-11. This was expressly recognized in Johnson v. Grady County, supra; Louisiana Realty Co. v. McAlester, 25 Okla. 726, 108 Pac. 391; and in prior cases. That act only broadened the previously existing right of action and extended it to taxes voluntarily paid. The particular subject of litigation was brought before the court by the petition, and the court rendered a judgment within the issues. The defendants' demurrer challenged the sufficiency of the petition, and the court found such petition adequate. For aught that appears here, the very question of the constitutionality of the statute may have been raised and the statute held constitutional by the trial court. No appeal was perfected from the judgment. Does the fact that the petition stated the cause of action defectively or not at all, the subject-matter referred to in it being within the jurisdiction of the court, alone render the judgment void? In considering this question we have considered as apposite cases decided upon collateral attack for the reason that it is universally conceded that a void judgment may be collaterally attacked, and the converse must be true that, if a collateral attack upon a judgment is not permissible, judgment is not void.

Mr. Black, in his work on Judgments (section 241), says:

"It would be impossible, on any rational theory, to make jurisdiction dependent upon the validity of the case stated by the plaintiff. For the court must pass upon the sufficiency of the declaration, and jurisdiction to proceed, at least so far, must be acquired by the mere filing of the pleading and service of process."

Again, he says (section 269):

"A judgment cannot be impeached collaterally on account of any illegality or insufficiency in the cause of action on which the suit is brought; these are matters which must be set up in defense to the action, and are concluded by the judgment."

In Winningham v. Trueblood, 149 Mo. 572, 51 S. W. 399, it is said:

"A judgment cannot be collaterally attacked for want of jurisdiction because the petition does not state a cause of action, since, if it states a case belonging to a general class over which the authority of the court extends, jurisdiction is conferred."

In North. Pac. Co. v. Thomas, 26 Or. 381, 38 Pac. 307, 46 Am. St. Rep. 636, the court said:

"If the object of the plaintiff can be ascertained from his complaint, and the court has power to grant the relief demanded and jurisdiction of the parties, the judgment rendered is not subject to collateral attack, although the complaint may in fact have been bad in substance. There is an important difference between a want of jurisdiction and a mere defect in obtaining it. In the former case, the judgment is absolutely void. In the latter case, it is simply erroneous and voidable, and can be attacked only by some direct proceeding authorized by law."

So in the instant case the judgment could have been attacked in any direct proceeding authorized by law, such as appeal, etc. But the motion under consideration is so framed that it can be considered only as a motion to vacate a void judgment, and is not a proceeding authorized by law to correct an erroneous one.

In Rowe v. Palmer, 29 Kan. 337, the Supreme Court of that state said:

"It is not necessary for us to decide whether the petition states such a cause of action as would be good if challenged by demurrer. If it contains sufficient matter to challenge the attention of the court as to its merits, and such a case is thereby presented as to authorize the trial court to deliberate and act, a judgment rendered thereon is not void."

In Taylor v. Coots, 32 Neb. 30, 48 N. W. 964, 29 Am. St. Rep. 426, it is said that:

"The sufficiency of the petition is not a test of jurisdiction."

In Head v. Daniels, 38 Kan. 1, 15 Pac. 911, it was said:

"If the petition sets forth facts sufficient to challenge the attention of the court with regard to its merits or authorize the court to deliberate with the respect thereto, then the

judgment * * * rendered upon it is not void, but at most is only voidable."

The following cases will be found to sustain the doctrine above set forth: Edelstein v. U. S., 149 Fed. 636, 79 C. C. A. 328, 9 L. R. A. (N. S.) 236; Hunt v. Hunt, 72 N. Y. 217, 28 Am. Rep. 129; Selby v. Pueppka, 73 Neb. 179, 102 N. W. 263; Frangfurth v. Anderson, 61 Wis, 107, 20 N. W. 662; Bitzer v. Mercke, 111 Ky 299, 63 S. W. 771; Wood v. Blythe, 46 Wis. 650, 1 N. W. 341; Kalb v. German Savings Inst., 25 Wash. 349, 65 Pac. 559, 87 Am. St. Rep. 757; State v. Horton, 89 N. C. 581; Pierson v. Benedict, 5 Kan. App. 790, 48 Pac. 996; Altman v. School Dist., 35 Or. 85, 56 Pac. 291, 76 Am. St. Rep. 468; In re James, 99 Cal. 374, 33 Pac. 1122, 37 Am. St. Rep. 60; Trumble v. Williams, 18 Neb. 144, 24 N. W. 716; Rich v. City of Chicago, 187 Ill. 396, 58 N. E. 306; Edmundson v School Dist. 98 Iowa, 639, 67 N. W. 671, 60 Am. St. Rep. 224. Such is the practical effect of the holding of this court in Kaufman et al. v. Grow, 59 Okla. 193, 158 Pac. 300, supra; Edwards v. Smith et al., 42 Okla. 544-550, 142 Pac. 302; and Hill v. Persinger, 57 Okla. 663, 157 Pac. 745.

Movant relies upon Farris v. Henderson, 1 Okla. 384, 33 Pac. 380; Lewis v. Clements, 21 Okla. 167, 95 Pac. 769; and Clark v. Holmes, 31 Okla. 164, 120 Pac. 642. Ann. Cas. 1913D, 385.

In Farris v. Henderson, supra, it was said:

"A complaint which states no cause of action will not support a judgment by default; and such judgment will be rendered in the appellate court. If the complaint states no cause of action, the objection is fatal at every stage of the proceedings."

There is no conflict between this doctrine and that here announced. Farris v. Henderson, supra, was an appeal from the judgment rendered after demurrer overruled. The judgment was clearly erroneous. The court does not hold that it is void.

In Lewis v. Clements and Clark v. Holmes, supra, this court said:

"A judgment by default, upon a complaint that does not contain allegations sufficient to constitute a cause of action, is void, and will be reversed on appeal."

These statements are likewise not in conflict with this opinion, for the reason that in these cases the judgment was by default, while in the instant case there was a demurrer filed and an appearance made by defendant at the final hearing when the judgment was rendered. In no true sense, therefore, could the judgment in the instant case be said to be by default. See Crossan v. Cooper,

41 Okla. 281, 137 Pac. 354; Black on Judgments, sec. 80.

We conclude that the judgment rendered was not void. City of El Reno v. Cleveland-Trinidad Paving Co., 25 Okla. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650. That by failure to exercise the right of appeal, or to have the judgment vacated within the term, no statutory ground for vacation after the term appearing, the judgment became binding upon defendant, that a petition for new trial was not applicable to the instant case, and the trial court was in error in vacating the judgment as void and in enjoining its payment.

It follows that the order of the trial court should be reversed, with directions to set aside and vacate the order of October 21, 1915, in all things, to vacate and set aside the restraining order and injunction granted against the county treasurer, to overrule and deny the defendant's petition for a new trial, and to render judgment for plaintiff in error for costs.

By the Court: It is so ordered.