## ALLEN v. GASTON et al.

No. 8940—Opinion Refiled April 20, 1920.

(189 Pac. 183.)

**1. Judgment—Vacation After Term—Compliance with Statute.**

After the final adjournment of the terms of court at which a final judgment is rendered, to give the court further jurisdiction to·vacate such judgment, a substantial compliance with sections 5267-5269, Rev. Laws 1910, must be shown.

**2. Same—Insufficiency of Petition.**

A petition which does not describe the judgment sought to be vacated, and is not verified, does not comply with the requirements of section 5269, Rev. Laws 1910.

**3. Same—Validity of Default Judgment.**

In a suit by a Cherokee allottee to recover possession of his allotment on the ground that the same had been conveyed by him in contravention to the act of Congress governing such transfers, where G., one of ·the defendants, in a cross-petition against a codefendant alleged that he purchased said lands under general warranty from B., who purchased the same under a like warranty from A and praying that if plaintiff be successful, then that said codefendant crosspetitioner have judgment over and against A. for the purchase price thereof with interest thereon, and for taxes and attorney's fee, and A. makes default and plaintiff recovers and G. recovers on his cross-petition the judgment prayed for against A., held, that the judgment is not void, and where

a motion is filed after, the term at which said judgment is rendered, charging, among other things, that it is void because said petition does not state facts sufficient to constitute a cause of action, said contention is not well taken.

### (Syllabus by West, C.)

Error from District Court, Mayes County; Chas. G. Watts, Judge.

Action by Anderson Runels against James P. Allen and others, with cross-petition by Nelson Gaston and others against James P. Allen. Judgment for plaintiff, and for defendants on their cross-petition. An application after the term to set aside the judgment was denied, and James P. Allen brings error. Affirmed.

W. H. Kornegay, for plaintiff in error.

Graves & Seaton, H. M. Weiss, R. A. Wilkerson, and C. L. Richards, for defendants in error.

Opinion by WEST, C. Anderson Runels filed suit in the district court of Mayes county against J. P. Allen et al. to recover possession and quiet title to his allotment which he had received as a member of the Cherokee tribe or nation of Indians, which had theretofore been conveyed in contravention of the restrictions placed thereon by Congress. Nelson Gaston, Virl Gaston, Virgil Gaston et al., filed answer to plaintiff's petition and cross-petition against their codefendant, J. P. Allen, alleging in said cross-petition that they and their vendors had purchased said land from Allen under a general warranty deed, and praying for judgment against the said Allen in the event plaintiff obtained judgment for the possession of the land in question, and for cancellation of their evidence of title. The defendant Allen made default, and, upon trial of the cause, plaintiff obtained relief sought, and said above-named defendants obtained judgment upon their cross-petition against their codefendant, Allen, under and by virtue of the covenants of warranty made by the said defendant, Allen. After the adjournment of the term of court and after the judgment had become final, Allen filed an unverified application to set aside said judgment on both jurisdictional and nonjurisdictional grounds. Upon hearing of said motion, the same was denied by the court, and this appeal complains of the action of the court below upon plaintiff in error's motion to set aside said judgment. Said appeal was taken upon a transcript, and to said transcript is attached plaintiff's petition in the original suit, copy of summons served upon defendant Allen, copy of judgment in favor of plaintiff and copy of judg-

ment in favor of his codefendants, against Allen, plaintiff in error here, and the order of the court overruling plaintiff in error's motion to set aside said judgment.

In case of Maston v. Chandler Building & Loan Ass'n, reported in 61 Okla. 230, 157 Pac. 366, the first and second paragraphs of the syllabus are as follows:

"(1) After the final adjournment of the term of court at which a final judgment is rendered, to give the court further jurisdiction to vacate such judgment, a substantial compliance with sections 5267-5269, Rev. Laws 1910, must be shown.

"(2) A petition which does not describe the judgment sought to be vacated, and is not verified, does not comply with the requirements of section 5269, Revised Laws 1910."

In the body of the opinion the court uses the following language:

"Section 5269 provides: 'The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivision four, five, six, seven, eight and nine, of the second preceding section, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action.'

"If the motion can be treated as the petition required by said section 5269, which we do not hold, and the appearance of the opposite party held to be a waiver of the summons provided by said section, the said motion is insufficient as such petition, for the reason that it fails to set forth the judgment or order sought to be vacated and is not verified; hence there is not a substantial compliance with the terms of the statute.

"After a final decree or judgment has been rendered, and the term expires, there must be a substantial compliance with the terms of the statute in order to give the court further jurisdiction over the same.' McKee v. Howard, 38 Okla. 422, 134 Pac. 44; McAdams v. Latham, 21 Okla. 511, 96 Pac. 584; Jenkins v. Brown, 46 Okla. 132, 148 Pac. 697.

"It follows that the court did not err in overruling the motion to vacate the judgment rendered, and this cause should be affirmed."

It is apparent that the only question that could be presented upon this appeal as prosecuted is: Is the judgment against Allen upon cross-petition of his codefendants in the original case, void? Counsel for plaintiff in error insists that it is, and says that it is for the reason that the petition does

not state facts sufficient to constitute a cause of action.

In case of Kaufman v. Grow, 59 Okla. 193, 158 Pac. 300, the syllabus is as follows:

"Where the petition charges that, in consideration of a designated amount paid, plaintiff purchased from defendants certain real estate and received a warranty deed with covenants of title, and further charges that at the execution and delivery of the deed paramount title was not in the defendants but in another, and that plaintiff had been evicted, and where the answer admits the execution of the deed and reception of the consideration, but states other matters, which, if proven on the trial, would have been sufficient to defeat plaintiff, and the above numbered and entitled cause coming on to be heard after having been regularly set for trial, and service having been heretofore had and answers filed, the court being fully advised finds that the allegations of plaintiff's petition are true, and plaintiff is entitled to recover of and from defendants, etc., ordering decreeing, and adjudging that the plaintiff have and recover of and from defendants a specified sum, etc., held, that the judgment is not void, and where a motion is filed more than three days after rendition of the judgment, charging that it was void because the petition does not state facts sufficient to constitute a cause of action, is not well taken.

"(2) Held, that the journal entry of judgment does not bear out the contention that the judgment was rendered on the pleadings, that defendants have pursued a course not authorized by law, and relief cannot be granted, if error was committed during progress of the trial."

We are of the opinion in the first place that the motion filed in this case is not a sufficient compliance with the statute in order to give the court jurisdiction to hear and determine the matters complained of, and that the court did not err in overruling the motion to vacate the judgment rendered, and that this judgment should be affirmed upon that ground.

Considering the merits of the motion, that is, as to whether or not the judgment on the cross-petition in the original suit was void, following the doctrine announced in case of Kaufman v. Grow, supra, and Joiner v. Ardmore Loan & Trust Co., 33 Okla. 266, 124 Pac. 1073, it necessarily follows that the contention of plaintiff that the judgment is void is without merit, and that said cause should be affirmed.

By the Court: It is so ordered.