LOUISIANA REALTY CO. v. CITY OF McALESTER.

No. 845.  Opinion Filed March 8, 1910.

(108 Pac. 391.)

1.    **TAXATION—Voluntary Payment—Right to Recover.** In order
to entitle one to recover taxes voluntarily paid, they must have
been paid through mistake of fact and not of law, provided the
mistake was not caused by his own neglect of duty.

2.    **SAME—"Mistake of Fact."** Section 748, Wilson's Rev. & Ann.
St. Okla. 1903, provides, in part, that a mistake of fact is a
mistake not caused by the neglect of a legal duty on the part
of the person making the mistake.

3.    **SAME—Negligence of Taxpayer.** Conceding that plaintiff made
a mistake of fact in paying its taxes, when it was not liable,
the mistake was caused by its own neglect of duty, and, the
payment being voluntary. the law will furnish no relief.

(Syllabus by the Court.)

*Error from Pittsburg County Court; R. W. Higgins, Judge.*

Action by the Louisiana Realty Company against the City of
McAlester. Judgment for defendant, and plaintiff brings error.
Affirmed.

*Eubanks & Elder,* for plaintiff in error.—Citing: *Mayer v.
Mayor,* 2 Hun. 306; *Kingston Bank v. Eltinge,* 40 N. Y. 391.

*Geo. M. Porter,* for defendant in error.—Citing: 27 A. &
E. Enc. L. (2d Ed.) pp. 756-764; *Jackson v. Atlanta,* 61 Ga. 228;
*San Diego L. & T. Co. v. School Dist.,* 122 Cal. 98; Cooley on
Taxation, p. 809.

KANE, J. This was a suit to recover taxes on town lots as-
sessed and collected by the city of McAlester, prior to statehood.
The petition of plaintiff below, plaintiff in error here, alleges, in
substance, that the city of McAlester by its officials illegally as-
sessed for taxes in 1905 and 1906 certain lots within its corporate
limits, assessing them as the property of plaintiff; that the plaintiff
did not own said lots during said years; that plaintiff was not

aware of said fact. and through mistake paid the assessment, amounting to $476.26; that immediately on learning the facts, as alleged, plaintiff petitioned the city council of McAlester to refund said sum, but the petition was denied. The answer amounted to a general denial. There was judgment for the defendant in the county court of Pittsburg county, to reverse which this proceeding in error was commenced.

The evidence and the agreed statement of facts show that the lots on which these taxes were paid were purchased from the Chickasaw Nation, and that at the time taxes were assessed and paid there was a payment due and unpaid to said nation. On the trial in the court below the following agreement was entered into between counsel for the respective parties.

"It is agreed, as a matter of law that the said assessments on said lots above mentioned were illegal and erroneous, because the city had no power to assess property on which the last payment to the government had not been made."

Counsel briefing the case for the defendant in error in this court rather doubts the soundness of the conclusion of law reached by counsel who tried the case; but for the purpose of this case we will treat it as sound. The only question, then, for this court to decide, is: Is the plaintiff in error entitled to recover the taxes thus voluntarily paid, upon the ground that it did not know the last payment to the Chickasaw Nation had not been made at the time it paid these taxes?

In order to entitle one to recover taxes voluntarily paid, they must have been paid through mistake of fact, and not of law, provided the mistake was not caused by his own neglect of duty. *San Diego, etc., Co. v. La Presa School District,* 122 Cal. 68, 54 Pac. 528; Cooley on Taxation (3d Ed.) pp. 1495-1505. The syllabus to the California case reads as follows:

"Where property was assessed in a district in which it was not situated, and the owner, having the means of discovering the mistake, voluntarily paid the tax, he could not recover it back, as being paid under a mistake of fact, under Civ. Code, § 1577,

defining a 'mistake of fact' as one not caused by the neglect of a legal duty."

Section 748, Wilson's Rev. & Ann. St. Okla., 1903, provides, in part, that:

"Mistake of fact is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in: First, an unconscious ignorance or forgetfulness of a fact past or present, material to the contract; or, second, belief in the present existence of a thing material to the contract, which does not exist, or in the past existence of such a thing, which has not existed."

This section of the Oklahoma statute seems to be identical with Civ. Code Cal. § 1577, above referred to. In the case the syllabus quoted is taken from Chipman, C., who delivered the opinion of the court, says:

"It is the legal duty, we think, of the owner of property to see that it is properly assessed, and ample provision is made for correcting mistakes in the roll or list. The manager of the company did not testify that he paid the tax under mistake of fact, but that when the tax was paid he believed the property was inside the district. Conceding, however, that plaintiff made a mistake of fact in paying when it was not liable, the mistake was caused by its own neglect of duty, and, the payment being voluntary, the law will furnish no relief."

The rule is stated by Judge Cooley, in his work on Taxation (3d Ed. p. 1497), as follows:

"Every man is supposed to know the law, and, if he voluntarily makes a payment which the law would not compel him to make, he cannot afterwards assign his ignorance of the law as a reason why the state should furnish him with legal remedies to recover it back." And "Mistake of fact can scarcely exist in such a case except in connection with negligence; as the illegalities which rendered such a demand a nullity must appear from the records, and the taxpayer is just as much bound to inform himself what the records show, or do not show, as are the public authorities. The rule of law is a rule of sound public policy also. It is a rule of quiet as well as of good faith, and precludes the courts being occupied in undoing the arrangements of parties which they have voluntarily made, and into which they have not been

drawn by fraud or accident, or by any excusable ignorance of their legal rights and liabilities."

It is quite plain that the plaintiff had means at hand easily accessible and convenient whereby it could have informed itself of the fact that it claimed to be ignorant of. The deed records of the Central judicial district, at McAlester, were located in the city of its principal place of business. These records would show whether or not the patent to the lots was on record, and would supply other facts sufficient to give one examining them a fairly good idea of the status of the property. The records of the Interior Department, at Muskogee, were also open to inspection, and a letter to the Indian agent would, no doubt, have called forth all the information the plaintiff lacked. That its officers and agents were familiar with conditions attending the town lots in the Indian Nation is quite apparent from the record, as it shows that the corporation had purchased and owned, at the time the taxes were assessed and paid, in the neighborhood of 100 lots in McAlester. Under the state of the record, the court below must have decided the case against the plaintiff on the theory that the mistake of fact complained of was caused by neglect of duty on its part.

As we quite agree with the court in this respect, its judgment is affirmed.

Dunn, C. J., and Hayes and Turner, JJ., concur; Williams, J., absent and not participating.