### PAGE v. PROVINES et al.

No. 27040. Feb. 23, 1937.

Rehearing Denied March 16, 1937.

Twyford & Smith and William J. Crowe, for plaintiff in error.

Maurice M. Thomas and Everest, McKenzie & Gibbens, for defendants in error.

RILEY, J. This action was commenced by plaintiff in error to quiet title to a small parcel or tract of land near the S. E. corner of the S. E. ¼ of section 35, township 12N., range 3W. I. M., Oklahoma county, Okla.

Plaintiff alleged ownership and possession in herself, and that defendant Provines, and others, claimed an interest in or title to the land.

Defendant Provines answered claiming title to the strip of land in controversy. He deraigned his title, and claimed under a quitclaim deed from Oklahoma county. He

asked that his title be quieted as against plaintiff.

By reply plaintiff alleged in substance that two deeds (to Oklahoma county, set out in defendant's alleged chain of title), both appearing to have been executed by plaintiff, were in fact intended to be conditional or limited conveyances, and that it was understood and agreed by the parties thereto that if and when the county established a highway along and over said strip of land, and thereafter abandoned the same as a highway, the title should revert to plaintiff or her heirs; that through mistake appropriate language providing for such reverter was omitted from the deeds; that defendant Provines took his deed from the county with notice of her claims and right; that the strip of land had been abandoned by the county as a highway, and title had reverted to her. She prayed that the deeds be reformed and her title be quieted.

Upon trial of the issues, judgment was entered against plaintiff and quieting title in defendant, and plaintiff appeals.

From the record it appears that in 1899, Edward D. Phillips, then the husband of plaintiff, entered the land in question as a homestead. Not all of the S. E. ¼ of the S. E. ¼ of section 35 was included in the homestead entry. A small portion thereof was cut off by the North Canadian river. That portion was designated as lot 8. (This lot was not included in the homestead entry.) It was subsequently filed upon by ____ Crawford.

On July 24, 1895, plaintiff joined her husband, E. D. Phillips, in the execution of a quitclaim deed conveying to Oklahoma county a strip of land 40 feet wide running along the north side of the section line, described in the deed as "the same being a strip of land 40 feet wide to be used for road purposes." The deed conveyed all the estate, title, and interest of the grantors therein, "to have and to hold all and singular the above-described premises together with the appurtenances, unto said party of the second part, their heirs, and assigns forever."

A road was opened and used over said strip for several years, until about 1913, at which time practically all of the strip had been washed away by the river.

Sometime after the execution of the above deed, Phillips completed final proof and obtained final receipt and patent for the land. Thereafter, January 17, 1896, he and his wife, plaintiff herein, conveyed all the land to Jay E. Pickard, and on the same day Pickard, by quitclaim deed, conveyed the land to plaintiff, then Minnie Phillips. On October 7, 1913, plaintiff, who at that time was the sole owner of the land, by warranty deed, conveyed another strip of land, 60 feet wide, to Oklahoma county. This deed apparently includes all the land included in the journal entry to which title was quieted in defendant Provines.

The deed, after describing the land conveyed by metes and bounds, recites, "same comprising land for public highway along north bank of Canadian river." For this deed plaintiff was paid the sum of $400. Two hundred dollars of said amount was paid by Wheeler township. The other $200 appears to have been paid by individuals interested in having the road opened. For the first deed to the county the grantors were paid $25.

The trial court found that in each instance the grantors were paid full value of the land conveyed. This finding is supported by uncontradicted evidence. The county took possession under the last deed, and constructed and maintained a public highway over the land until about 1925, at which time the county opened a highway along the section line south of section 35, and no longer used the land in controversy. Plaintiff contends that after the highway was opened along the section line she fenced the land in controversy and has ever since been in possession thereof. Defendant Provines disputes this and asserts that he has been in possession of a portion of the land.

In November and December, 1931, the board of county commissioners of Oklahoma county advertised the land in controversy for sale to the highest bidder. Sealed bids were called for to be opened December 14, 1931. Defendant Provines submitted the highest bid, viz., $601, and thereafter on February 11, 1932, the board of county commissioners by quitclaim deed conveyed the land to him.

It is contended that plaintiff was entitled to judgment on the undisputed evidence, reforming the deeds and quieting title in her.

It is contended that because the two deeds to the county contained recitals to the effect that the land conveyed comprised land for public highway, it is clearly shown that only an easement was intended; that taken in connection with the oral testimony of plaintiff the deeds should have been reformed.

Plaintiff was permitted to testify over the objection of defendant to certain conversations had with and statements made by the

parties who negotiated with her for the deeds to the county, to the effect that the land conveyed would be needed for highway purposes only until such time as the road was opened along the section line, and that when such road was opened, the land conveyed would revert to the grantors. It is upon this evidence, coupled with the recitations in the deeds as to the intended use of the land, that plaintiff bases her claim of right to reformation of the deed. There is no evidence whatever that it was intended by either party that there should or would be a provision inserted in either deed that the land should revert to the grantors upon the abandonment of its use as a highway. Plaintiff testified in substance that she knew and understood at the time she executed the warranty deed to the county that it conveyed the land to the county. She said, however, that she understood at the time that the land would revert to her if and when it was abandoned as a highway.

Plaintiff did at one time enter into a written agreement for the temporary use of a portion of her land as a highway. She introduced in evidence a written contract she had with S. C. Heyman, the party who later negotiated with her and procured the warranty deed, whereby she agreed to open and keep open the road for a period of two years from August 25, 1911, to August 25, 1913. Less than two months after the expiration of that contract she executed the warranty deed which she says she understood at the time conveyed the land to the county.

The most that can be said, conceding that the evidence of the statement of Heyman in negotiating for the deed was admissible, is that both parties were of the opinion that the land would revert to plaintiff as a matter of law upon the abandonment thereof as a highway. There is no evidence that either party thought it necessary to put a provision therefor in the deed, and that by mistake or oversight such provision was omitted.

The rule is that when, because of a mistake of fact, an instrument does not express the agreed intention of the parties, equity will correct such mistake unless the rights of third parties intervene. 53 C. J. 929.

But if both parties understood the meaning of an instrument at the time it was executed, there is no mistake of fact.

In Cleveland v. Rankin, 48 Okla. 99, 149 P. 1131, it is held that where an agreement as reduced to writing omits or contains terms or stipulation contrary to the common intention of the parties, the instrument will be corrected. But in such case the party alleging the mistake must show exactly in what it consists and the exact correction to be made; that the mistake was mutual and common to both parties (that is, it must appear that both parties have done what neither intended). On the point, and to justify a correction, the evidence must be full, clear, unequivocal, and convincing as to the mistake and its mutuality. Measured by this rule, the evidence in this case falls far short of the requirement. There is no evidence that either party intended that the deed should contain a provision that the land should revert to plaintiff if abandoned for highway purposes.

If plaintiff merely believed that if she executed a warranty deed to the county for land to be used for a highway, the land would revert to her under the law upon its abandonment thereof for highway purposes, and executed the deed under such belief, and this belief was shared by the grantee, or the party who negotiated for the grantee, then there was nothing more than a mere mistake of law.

In Barnett v. Douglas, 102 Okla. 85, 226 P. 1035, it is held:

"A mere mistake of law, not accompanied by other circumstances demanding equitable relief constitutes no ground for reformation of a deed to lands based on such mistake."

And:

"A 'mistake of law' happens when a party having full knowledge of the facts comes to an erroneous conclusion as to their legal effect. It is a mistaken opinion or inference arising from an imperfect or incorrect exercise of the judgment upon the facts as they really are."

There was no error in holding that plaintiff was not entitled, under the evidence, to have the deeds, and particularly the warranty deed, reformed.

There was some question as to who was in possession, but plaintiff admits that where both parties assert title and pray for equitable relief, and that the title be quieted, the question of possession becomes immaterial.

We deem it unnecessary to discuss the effect of the quitclaim deed executed by Phillips and plaintiff prior to the issuance of final receipt or issuance of patent, since by the judgment of the court title to the land as described in the warranty deed only was quieted in defendant Provines.

The judgment is affirmed.

BAYLESS, V. C. J., and WELCH, CORN, and HURST, JJ., concur.