## In re MARLAND.

No. 27973. Feb. 25, 1941.

*110 P. 2d 901.*

Mac Q. Williamson, Atty. Gen., and Randell S. Cobb, Asst. Atty. Gen., for appellants.

Rainey, Flynn, Green & Anderson, R. M. Rainey, Gordon F. Rainey, and Calvin Jones, all of Oklahoma City, for appellee.

PER CURIAM. This is an appeal by the Attorney General from an order of the Oklahoma Tax Commission allowing to E. W. Marland a refund of allegedly excessive income tax payments made by him for the years 1919, 1920, and 1922, under the provisions of article 12, chapter 66, Session Laws 1937 (Senate Bill No. 304), authorizing refunds of income taxes erroneously paid prior to the year 1931. The Tax Commission allowed said claim of refund, and by virtue of the provisions of said act this appeal has been perfected. The succeeding 17th Legislature, by House Bill No. 272, article 3, chapter 66, Session Laws 1939, specifically repealed article 12, chapter 66, Session Laws 1937 (Senate Bill No. 304).

The Attorney General has attacked the validity of the act of 1937 for various constitutional reasons.

This court has given much consideration to the questions of law presented by the parties herein, and after such consideration the court finds its members so divided in their views upon said questions that no determinative rule of law or construction can be laid down herein.

Chief Justice Welch and Justice Davison are of the view that the 1937 act involved is not violative of section 52 of article 5 of the Constitution, nor sections 14 and 15 of article 10 of the Constitution, and that the 1939 repealing act is not effective here by reason of the provisions of section 54 of article 5 of the Constitution.

Vice Chief Justice Corn and Justices Riley and Hurst are of the view that said act contravenes the provisions of section 52 of article 5, and sections 14 and 15 of article 10, of the Constitution, and that said act is therefore invalid and ineffective to authorize claimant to recover herein. See Louisiana Realty Co. v. City of McAlester, 25 Okla. 726, 108 P. 391, and Hawks v. Bland, 156 Okla. 48, 9 P. 2d 720.

Justices Osborn, Bayless, and Gibson are of the view that the repeal of said act of 1937, supra, by the Legislature of 1939, as set forth supra, is valid and effective to prevent a recovery by the claimant herein.

Justice Arnold concurs in the result reached herein.

On petition for rehearing of the previous orders of the court herein, after full deliberation and consideration, and for the purpose of effectively disposing

of said cause, the court hereby determines that the said claimant is not entitled to recover and that the order of the commission authorizing a refund to claimant should be, and the same is hereby, vacated and said cause dismissed.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. WELCH, C. J., and DAVISON, J., dissent as to result.