H. L. SULLIVAN, Assignee of J. A. Hull and Lina J. Hull, Plaintiff in Error,

v.

OKLAHOMA TAX COMMISSION, Defendant in Error.

No. 33469.

Supreme Court of Oklahoma.

Oct. 5, 1954.

Rehearing Denied May 3, 1955.

Hunt, Bradford & March, Tulsa, for plaintiff in error.

R. F. Barry, W. F. Speakman, and E. J. Armstrong, Oklahoma City, for defendant in error.

DAVISON, Justice.

The facts decisive of this appeal are that in 1919 J. A. Hull and Lina J. Hull, husband and wife, acquired a substantial number of shares of stock issued by the Oklahoma Central Oil Company, a corporation. Thereafter in 1922 the Hulls sold this stock for an amount substantially greater than the cost thereof to them.

On April 13, 1923, the Hulls filed their separate income tax returns for the year 1922 with the State Auditor. In his return J. A. Hull showed net taxable income in excess of one million dollars upon which he computed the income tax due thereon to be $19,943.21, which amount he paid to the State Auditor without protest June 8, 1923. The major portion of the income shown in J. A. Hull's return accrued from the above referred to sale. In her return, Lina J. Hull, showed net taxable income close to one million dollars, all of which accrued from the sale of stock and she computed the income tax due thereon to be $18,978.15, which amount she paid without protest to the State Auditor on June 9, 1923. The returns so filed by the Hulls were prepared by tax accountants, but signed, subscribed and sworn to by each taxpayer or claimant.

On June 7, 1923, the State Auditor advised J. A. Hull that his income tax was as shown in his return, or $19,943.21, and that the tax was payable June 15, 1923, and delinquent if not paid by July 1, 1923, and that "The law provides for tax warrants to be issued covering delinquent taxes." The records fail to show whether Lina J. Hull received a similar notice but the Commission conceded that she probably did and such will be assumed because under the provisions of the 1915 Income Tax Act, section 9943, C.O.S.1921, the State Auditor was required to make income tax assessments.

In 1928, the Hulls orally advised the State Auditor that in their opinion, income accruing from the sale of their stock was not subject to income tax and for such reason they were entitled to a refund of income taxes, paid by them on June 8 and 9, 1923, as above stated, and confirming this, a letter dated Dec. 10, 1928, was written by H. L. Sullivan in behalf of the Hulls to Mr. LeRoy LeFlore in care of the State Auditor in which he asked for a refund form to file a written claim for a refund with the State Auditor for the Hulls. A written claim for refund, however, was not filed with the State Auditor, and as suggested by the State Auditor in a letter to Mr. Sullivan, the Hulls requested the Legislature to enact legislation granting them a refund which was never done.

On April 15, 1937, Senate Bill 304, Art. 12, Ch. 66, S.L.1936–1937, of the Sixteenth Legislative Session became effective. The Act became generally known as the "Marland Act" probably because the late Governor E. W. Marland was the first one to seek a refund of income taxes thereunder. It was provided in substance in the referred to Act that where a taxpayer had paid through error of fact or law income taxes for any period prior to 1931, he could, in the form and manner set forth in

the Act, obtain a refund of such taxes. At the Sixteenth Legislative Session, c. 66, art. 15, House Bill 607 was also enacted under the provisions of which a taxpayer, who, after July 1, 1931, paid under mistake of fact or law any tax was entitled to a refund thereof by complying with the Act. In 1939, Laws 1939, p. 393, S.B. 304 and H.B. 607 were repealed. This repealer was codified as Secs. 12–12c, Title 68 O.S. 1941.

On March 23, 1938, the Hulls filed separate claims with the Commission for the refund of income taxes paid in 1923, which claims were numbered 103 and 104. In J. A. Hull's claim the following quoted statement was made:

"Comes now J. A. Hull pursuant to Senate Bill No. 304 of the Sixteenth Legislature of the State of Oklahoma and files with the Oklahoma Tax Commission this . * * * claim. * * *"

An identical statement was made in the claim filed by Lina J. Hull.

The Oklahoma Broadcasting Company filed a claim for refund of sales tax under the provisions of H.B. 607.

Prior to the filing of claims by the Hulls, a hearing was had before the Commission on Governor Marland's claim which was filed pursuant to Senate Bill 304, and on the claim of the Oklahoma Broadcasting Company. Upon these claims being allowed by the Commission, the Attorney General perfected an appeal to this court and it appears that upon these appeals being taken, action on the Hulls' claim and on the claims filed by others was held in abeyance. In this court the Marland appeal was styled In re Marland and is reported in 188 Okl. 475, 110 P.2d 901, and the Oklahoma Broadcasting Company case was styled In re Oklahoma Broadcasting Company and is reported in 188 Okl. 631, 112 P.2d 406. In the Marland opinion order of the Commission allowing refund pursuant to S.B. 304 was vacated and cause dismissed, and the merits of Governor Marland's claim were not considered. In the Oklahoma Broadcasting Company's appeal, order of the Commission allowing refund pursuant to H.B. 607 was vacated with di-

rections to dismiss the claim for reasons given in the Marland opinion.

In April 1947, H. L. Sullivan, as the Hulls' assignee, filed his separate claims for refund with the Tax Commission, to which claims he attached copies of the claims that the Hulls had theretofore filed in 1938. The record shows assignments, both dated July 10, 1929, by the Hulls to H. L. Sullivan, who is hereinafter referred to as "plaintiff". Said plaintiff filed this action in the District Court of Oklahoma County, Oklahoma, on June 4, 1947, against the defendant, Oklahoma Tax Commission, seeking the recovery of the amount paid as tax on the profit derived from the sale of stock as hereinabove outlined. The basis of the action was the alleged payment of the tax under a mistake of fact and because of notice from the State Auditor. As an affirmative defense, the Commission contended among other things that the plaintiff was without statutory authority to maintain this action; that he does not have an action at law. The Commission stresses our opinion in In re Marland, supra, wherein we vacated order of the Commission and dismissed cause based on Governor Marland's claim for refund of income taxes paid on income accruing in 1919, 1920 and 1922. Judgment of the trial court was for defendant, and plaintiff has perfected this appeal.

▮ . It has long been well established in this jurisdiction that the State cannot be sued for the recovery of taxes paid in the absence of legislative consent, and the right to recover taxes so paid must therefore be found in a statute. In Antrim Lumber Company v. Sneed, 175 Okl. 47, 52 P.2d 1040, 1045, the right to recover corporation license taxes paid under an unconstitutional statute was denied where the taxpayer had failed to pursue the remedy provided by statute and instead instituted an action at law. The rule that here controls was stated thusly:

"Since the state has provided a method whereby illegal taxes may be recovered and this remedy is exclusive, a proceeding based on the theory of compulsion and involuntary payment is not authorized and may not be

maintained in this state for the purpose of recovering taxes alleged to have been illegally exacted. This rule is applicable where the suit is for the recovery of the tax paid. *. * *"

■ The plaintiff's contention to the effect that the Hulls did not voluntarily pay the taxes in controversy is not in accordance with the record which shows that the Hulls reported the taxes in their return as being due and owing and paid same without protest before the taxes became delinquent and therefore before same became a lien and before process could issue to enforce payment. Therefore, the taxes must be considered as having been paid voluntarily. 51 Am.Jur., Taxation, Secs. 1094 and 1095, page 1025, and annotated notes beginning at page 38 of 64 A.L.R. In the instant case there was no mistake of fact for the reason that the Hulls knew the facts and since the taxes were voluntarily paid and no mistake of fact exists, our opinion in Louisiana Realty Co. v. City of McAlester, 25 Okl. 726, 108 P. 391, and Thompson v. Willis, 202 Okl. 538, 215 P.2d 850, precludes an action at law to recover the taxes paid.

■ The plaintiff has failed to cite any opinion of this court at variance with the above cited opinions and in fact bases the asserted right to maintain an action at law to recover the taxes in controversy on opinions handed down by Federal courts to the effect that where a tax is not voluntarily paid a taxpayer may maintain an action at law against the collector (not the United States in the absence of its consent to be sued) to recover the tax. These cases are not in point. This action is against the state, and not the person collecting the tax, and an adequate statutory remedy was available. The plaintiff also asserts that Sec. 910, Title 68 O.S.1941, enacted in 1935, grants authority to maintain an action at law but this contention is not borne out by the language of the statute to the effect that a "taxpayer resisting the collection of any income tax hereby or heretofore levied, or the enforcement of any provision of such laws" may pay his tax under protest and within thirty days file suit in the district court to recover the tax so paid.

While neither the Hulls nor the plaintiff at any time had a remedy in the nature of an original action at law, a plain, speedy and adequate remedy was in fact afforded by statute.

The statutory remedy first available to the Hulls was provided in Secs. 9942 or 9971, C.O.S.1921. Section 12665, O.S.1931, repealed 1941, page 333, Sec. 64. The gist of this remedy was that if the Hulls felt aggrieved by the action of the State Auditor in assessing income taxes against them, they could appeal to the district court. This is made abundantly clear in Champlin v. Carter, 78 Okl. 300, 190 P. 679 and Champlin v. Oklahoma Tax Commission, 163 Okl. 185, 20 P.2d 904, and in other opinions that are cited in those cases. The first paragraph of the syllabus in the first above cited case reads as follows:

"The remedy of an income taxpayer, complaining at the action of the state auditor in revising, adjusting, and correcting his income tax assessment, is by appeal to the district court."

The following statement is made in the first paragraph of the syllabus in Champlin v. Oklahoma Tax Commission, supra:

"In determining the amount due the state as income tax from a taxpayer under the 1915 Income Tax Law (chapter 164, Session Laws 1915), as amended by Session Laws 1921 (chapter 44), the state auditor acted in a ministerial capacity wherein he was required to exercise a discretion, judicial in nature, and, unless appealed from, his decision became final and conclusive in the absence of fraud or omission."

■ It follows that since the Hulls failed to pursue their statutory remedy, the assessments made by the State Auditor against the Hulls are final and conclusive unless a remedy was afforded by some other statute, and apparently, such was not the case.

The substance of plaintiff's contention is that if a taxpayer shows that he has erroneously paid a tax he is entitled to recover same notwithstanding his failure to follow the procedure outlined in statutes

that afford him a remedy and notwithstanding the fact that if he had an action at law, the action is barred by limitations. The statement of the United States Court of Appeals of the Fourth Circuit in McConkey v. Commissioner of Internal Revenue, 199 F.2d 892, 895, to the following effect is applicable to the instant case:

"Congress, it seems to us, has created a correlated scheme in aid of federal income taxpayers who think they have been unfairly treated. Such a taxpayer may either (a) decline to pay the tax and seek relief from the Commissioner's determination at the hands of the Tax Court, or, (2) he may pay the tax and then sue to recover it in a federal court. *He may not, as petitioners seek to do here, mix up these two mutually independent procedures by taking a part of one procedure and a part of the other.* In other words, he cannot pay the tax, then, upon an erroneous determination of a deficiency by the Commissioner, when there is in fact no deficiency since the tax has been paid, seek a review by the Tax Court." (Emphasis ours.)

Finding no error in the judgment rendered by the trial court, the judgment is affirmed.

HALLEY, C. J., and WELCH, CORN and WILLIAMS, JJ., concur.

BLACKBIRD, J., concurs in conclusion.

JOHNSON. V. C. J., and ARNOLD and O'NEAL, JJ., dissent.

BLACKBIRD, Justice (specially concurring).

I do not agree with much of what is said in the majority opinion. I think that on the basis of a correct analysis of the facts and the proper interpretation of the law applicable thereto, plaintiff in error has a just claim against defendant in error, but since his action is in reality against the State (as demonstrated in Antrim Lumber Company v. Sneed, cited in the majority opinion), the fact that the State has not given its consent to be so sued is fatal to his recovery thereon.

O'NEAL, Justice (dissenting).

I herewith submit my individual views in the above styled cause.

In this case the court is confronted primarily with a question of law as questions of fact are not in substantial dispute.

The facts are these: On October 17, 1919, J. A. Hull and Lina J. Hull were issued shares of stock in the Oklahoma Central Oil Company. In March, 1922, the Hulls sold their stock for substantial sums in excess of the sum paid therefor. On April 12, 1923, the Hulls filed their separate 1922 Oklahoma Income Tax Returns as directed by the State Auditor. On June 7, 1923, the State Auditor advised Mr. Hull, by letter, the exact amount of his 1922 State income tax and advised him the tax was due and payable June 15, 1923, and that it became delinquent if not paid by July 1, 1923. He further advised that under the law he would be required to issue a tax warrant for the delinquent tax if the same was not paid. On June 12, 1923, Mr. and Mrs. Hull paid the tax claimed to be due in the sum of $19,943.21 and $18,976.15, respectively.

In March, 1925, the Hulls determined that the profits from the sale of their corporate stock in the Oil Company was not taxable under the Income Tax Law for the year 1922, and that they should not have included the same in their respective tax returns for that year; they thereupon made demand upon the State Auditor, the predecessor to the Oklahoma Tax Commission, for a refund of the tax paid. The State Auditor opened a file covering the claim for the refund, designated No. 3811, which file number was carried forward by the Oklahoma Tax Commission as successor to the State Auditor. These claims were not acted upon by the State Auditor and at a subsequent date in 1937, the Hulls filed an amended claim with the Oklahoma Tax Commission for the refund in question and thereafter they filed an additional amended claim in 1947.

On May 5, 1947, a hearing was held before the Oklahoma Tax Commission and the claims were disallowed in toto. The assignee of the Hulls thereupon brought an

action in the District Court of Oklahoma County, which recited the foregoing facts and asserted that, under the Oklahoma Income Tax Act of 1921, Section 9938(d), the profits from the sale of the stock were not subject to the income tax for the reason that the stock was acquired by them in 1919, and not sold until 1922, and for the reason that they acquired said corporate stock more than one year prior to the sale of said stock, and that said Income Tax Law applies only where the taxpayer actually derived income from the sale of stock which was acquired within the period of one year immediately prior to the sale.

The Oklahoma Tax Commission in answer to the plaintiff's petition alleged that the Hulls' claim was barred by the statute of limitation, and if not so barred the action could not be maintained by virtue of the delay, neglect and laches of the Hulls in not expeditiously pressing their claim to a finality. For further answer the Commission asserted that there is not now pending before it any claim for refund in substance or form, as required by law, sufficient to give the Commission or the Court, jurisdiction and power to grant the relief prayed for.

Upon the trial the District Court found the issues generally in favor of the Oklahoma Tax Commission and denied plaintiff the relief prayed for.

The tax statute here involved, Section 9938, subdivision (d), C.O.S.1921, reads:

"All dividends or profits derived from stocks or from the purchase and sale of any property, or other valuables acquired within one year previous, or from any business whatsoever."

The Oklahoma Tax Commission contends that the trial court's judgment must be sustained under the authority of the case of Phillips v. Oklahoma Tax Commission, 174 Okl. 401, 49 P.2d 805, 807. Phillips, the taxpayer, filed an original action in this court wherein he alleged that he filed his income tax return for the years 1925 to 1930, with the State Auditor; that the State Auditor acted thereupon, and the tax was paid in compliance with Ch. 44, S.L.1921; that the Oklahoma Tax Com-

mission, successor to the State Auditor, attempted to reopen the returns and assess additional taxes thereon. The taxpayer in support of the writ contended he was not taxable under the 1921 Act upon dividends received from stocks acquired and owned for more than one year previous to the year in which received.

In the body of the opinion the court made reference to Section 9938, subdivision (d), C.O.S.1921, and expressed the following view: "In other words, the condition 'acquired within one year previous' applied only to the rather indefinite classification 'or other valuables.'" However, in my view of the case, the court must look to the syllabus of the case for the law of the case. An examination of the syllabus shows that all the court decided as the applicable law was, that the statute of limitation did not bar the State in the collection of delinquent income taxes, and that a taxpayer who has omitted items of income from property which the taxpayer contends are not taxable, cannot prevent the State Tax Commission from conducting a hearing for the purpose of determining whether or not such income is in fact taxable, when the omitted items of income are brought to its attention.

In the Phillips case the taxpayer was attempting to stay the hand of the Tax Commission in conducting a hearing as to whether or not he failed to make a true or complete return of his income. The Tax Commission had not been given an opportunity to investigate or pass upon the question of fact whether the return of the taxpayer omitted items of income for the years 1925–1930, and, if so, whether they were subject to the Income Tax Act. Neither did this court in the original proceeding for a writ of prohibition pass upon that question of fact or declare the applicable law to that transaction. So far as the opinion in the Phillips case throws any light upon the subject, it is limited to the question of whether or not the State is limited in the time it might proceed to collect a delinquent tax.

Construing Ch. 44, S.L.1921, this court held: The Act does not limit the State in the collection of its revenues. Therefore,.

the statement in the body of the opinion in that case, that the condition " 'acquired within one year previous' " applied only to the rather indefinite classification " 'or other valuables' " must be treated as obiter dictum and cannot be interpreted as binding upon the Tax Commission; neither is it an authoritative decision controlling the instant case.

Title 12 O.S.1951 § 977, reads as follows:

"A syllabus of the points of law decided in any case in the Supreme Court shall be stated, in writing, by the Justice delivering the opinion of the court, and filed with the papers of the case, which shall be confined to points of law arising from the facts in the case, that have been determined by the court; and the syllabus shall be submitted to the Justices concurring therein, for revisal before filing thereof, and it shall be filed with the papers, without alteration, unless by consent of the justices concurring therein; and a copy of such syllabus shall, in all cases be sent to the court below, by the clerk of the Supreme Court, with the mandate provided for by Section 5258."

In Huston v. Scott, 20 Okl. 142, 94 P. 512, 517, 35 L.R.A.,N.S., 721, this court stated:

" 'Where a judge who writes the opinion of the court expresses a view upon any point or principle which he is not required to decide, his opinion as to such point or principle is obiter dictum.' "

To the same holding see the case of Lausten v. Lausten, 55 Okl. 518, 154 P. 1182.

The record discloses that on March 7, 1917, the Attorney General of Oklahoma prepared an opinion at the request of the State Auditor, in which opinion he construed subdivision (d) of Section 5 of Ch. 164, S.L.1915, which section is identical with subdivision (d) Section 9938, S.L.1921. In that opinion he stated that the sale of any property acquired during the calendar year 1915 should be reported, as the sale of said

property was made for a profit during the year 1916; that the words "acquired within one year previous" meant one year previous to the year for which the income tax report is to be made.

On September 9, 1925, the Attorney General addressed a letter to the State Auditor in which letter he advised the Auditor that under Section 9938, subdivision (d), C.O.S. 1921, that such profits derived from such purchase in 1920 and sold in 1924, are not subject to an income tax for the year 1924, inasmuch as the same were not acquired within one year previous.

Under date of December 22, 1924, the Attorney General wrote an opinion in which he held that if property is acquired in January 1923, and sold June 1, 1924, at a profit, such profit would not be required to be included in the taxpayer's income return under Section 9938, subdivision (d) of the C.O.S.1921.

Under date of February 9, 1927, the Attorney General advised a member of the State Legislature then in session, that he had investigated the claims of J. A. Hull and Lina J. Hull for a refund of income taxes for the year 1922, and that he was of the opinion that the Hulls were not subject to the income tax assessed for the year 1922.

On March 26, 1925, shortly after the Hulls' claims were filed with the State Auditor, he wrote the Hulls, as follows:

"I am very sorry, indeed, that the legislature has refused to reimburse yourself and Mrs. Hull for the monies erroneously paid to the State."

"It is to be regretted that the legislature has assumed the policy that they have in failing to pay claims of this character. The principal excuse for the failure of the legislature to appropriate money for purposes such as your claim seems to be that the appropriations are heavy for the expense of maintaining the institutions and for other expense of state government and there is nothing left to make these refunds."

The State Auditor agreed with these interpretations of the law, for under date of

February 11, 1929, the State Auditor wrote a letter to Mr. H. L. Sullivan, in re J. A. Hull and Lina J. Hull, File No. 3811, in which he acknowledged the amended returns filed in their behalf, and to which amendment he makes no complaint. He enclosed several copies of opinions of various Attorney Generals of Oklahoma, and advised that the Auditor is without authority to make the refund and the Hulls' claim should be presented to the State Legislature.

The Act as thus construed by the Chief Law Officer of the State was adopted as the administrative policy of the Tax Commission; that construction should be given great weight and should only be set aside if the legal conclusions and the administrative policy adopted in compliance therewith is palpably wrong.

I find no ambiguity in the language of the Act. Clearly, the income tax is levied upon the class of property designated in subdivision (d) only if acquired within one year previous. I would pay the authors of the Act the compliment of saying what they meant, and that they meant no more than they said. It is only what they left unsaid that is left open for judicial decision.

I do not think there is any merit in the Tax Commission's contention that the claims in question are barred by any statute of limitation. The claims were filed as early as March, 1925, and the amended claims were filed thereafter without objection from the Tax Commission. Neither is the claim of laches well taken. The taxpayer's claim as shown was recognized as valid, but the Commission did not formally reject it until May, 1947, when its final order was entered. The taxpayer could not act more expeditiously, for until the Commission formally denied the claim, he could not pursue his remedy in the courts.

It is my view that under the statutes in effect at the time the question involved herein arose, the profits from the sale of the stock in question was not taxable as income, and the sums exacted by the state should be refunded.

The majority opinion bases its affirmance of the trial court mainly on propositions

not raised by defendant in error in its pleadings in the trial court, or urged in its briefs in this court.

I think the judgment of the trial court should be reversed, with instructions to render judgment in favor of H. L. Sullivan, assignee of J. A. Hull, in the sum of $19,-943.21 and in favor of H. L. Sullivan, assignee of Lina J. Hull, in the sum of $18,-976.15. I therefore respectfully dissent, to the majority opinion.