SUN OIL COMPANY (Delaware), a Corporation, and Sun Oil Company of Pennsylvania, a Corporation, Appellants,

v.

OKLAHOMA TAX COMMISSION,
Appellee.

No. 52965.

Supreme Court of Oklahoma.

Oct. 7, 1980.

Rehearing Denied Jan. 5, 1981.

James D. Fellers, Warren F. Bickford, IV, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, for appellants.

Marjorie Patmon, Gen. Counsel, Oklahoma Tax Com'n, Oklahoma City, for appellee.

IRWIN, Vice Chief Justice.

This case involves application for refund of taxes erroneously paid through a mistake of law based upon this court's decision that the statute levying such tax was unconstitutional. The taxes were paid without protest and taxpayers claim the refunds under 68 O.S.1971, § 227.

In *Phillips v. Oklahoma Tax Commission,* Okl., 577 P.2d 1278 (1978), we declared 68 O.S.1977 Supp., § 1402(a)[1] unconstitutional because it violated the Commerce Clause of the United States Constitution (Article 1, section 8, clause 3). Prior to our decision appellants had been paying, without protest, the tax therein levied. After our decision, appellants filed their claim for refund. The Commission denied the claim and appellants appealed.

In support of their claim for refund, appellants rely upon 68 O.S.1971, § 227, which provides:

"(a) Any taxpayer who has paid to the State of Oklahoma, through error of fact, or computation, or *mistake of law,* any tax collected by the Tax Commission may, as hereinafter provided, be refunded the amount of such tax so erroneously paid, without interest.

"(b) Any taxpayer who has so paid any such tax may, within three (3) years from the date of payment thereof if such payment was made through error of fact or computation, or within one (1) year from the date of payment thereof if such payment was made through *mistake of law,* file with the Tax Commission a verified claim for refund of such tax so erroneously paid..." (emphasis ours).

The above statute was amended in 1978, effective April 19, 1978 (Okl.Session Laws 1978, Ch. 21), to substitute for the italicized term "mistake of law" in both subsections (a) and (b) the term "misinterpretation of law."

The Commission in its order denying the refund found that § 227, as amended in 1978, which was in effect when appellants filed their claim for refund, was applicable, and that appellants did not protest the payment of the tax pursuant to § 226 and that § 227 does not provide a remedy for taxpayers who do not protest the payment of a tax that is paid under a statute which is subsequently declared unconstitutional.

In considering whether § 227 prior to its amendment in 1978, or as amended, is applicable, we should first note that liability for all the taxes for which appellants seek refund, accrued prior to the amendment and within the framework of § 227. Without considering the legal distinction between "mistake of law" and "misinterpretation of law," if any, if appellants were entitled to a refund through a "mistake of law" and would not be entitled to a refund through "misinterpretation of law" the effect of the 1978 amendment to § 227 was to abolish the remedy appellants had for a refund without substituting in lieu thereof an appropriate remedy which would afford them relief. Assuming arguendo that appellants had a statutory right to demand a refund of taxes erroneously paid prior to the 1978 amendment, Commission argues that the legislature constitutionally abolished their right by the 1978 amendment.

In *Barry v. Board of County Commissioners of Tulsa County,* 173 Okl. 645, 49 P.2d 548 (1935) we held:

"By virtue of the provisions of section 54, article 5,[2] of the State Constitution, the

---

1. Section 1402(a) increased from 2% to 4% the use tax on tangible property purchased outside the state and brought within the state for use or consumption. Since the sales tax on property purchased within the state remained at 2%,

the increased use tax resulted in an impermissible burden upon interstate commerce.

2. Article 5, section 54 of the Oklahoma Constitution provides:

repeat of any statute of this state shall not affect any accrued right."

"'Accrued right' as used in section 54, article 5, of the State Constitution may be defined as a matured cause of action, or legal authority to demand redress."

■ Section 227 provides a procedure for refund of taxes erroneously paid through error of fact, or computation, or mistake of law, and its operative effect was not dependent upon any other statute, and if a taxpayer brought his claim within its purview he had a substantive right to the refund. The legislature could not constitutionally repeal or amend § 227, so as to preclude appellants from enforcing those rights. We conclude that since all the taxes for which appellants seek refund were paid to satisfy the liabilities which accrued prior to the amendment of § 227 in 1978, their right to refunds must be determined under § 227 prior to its amendment. Within the framework of that law, appellants would be entitled to a refund for tax erroneously paid through a "mistake of law."

Does the payment of a tax under a statute which is subsequently declared unconstitutional constitute payment through a "mistake of law" as prescribed by § 227? "Mistake of law" has been described by this court as occurring when a party, having full knowledge of the facts, is ignorant of or comes to an erroneous conclusion as to their legal effect. *Page v. Provines*, 179 Okl. 391, 66 P.2d 7 (1937). In the case of *In re Woods Corporation*, Okl., 531 P.2d 1381 (1975) this court held that a taxpayer's erroneous legal conclusion that it was not obligated to pay use taxes was made under a "mistake of law." The term has been defined thusly:

"A mistake of law occurs where a person is truly acquainted with the existence or non–existence of facts but is ignorant of or comes to an erroneous conclusion as to their legal effect, and includes ignorance of the law. The mistake of law may relate to the validity of the statute autho-

rizing the tax, or of the assessment, or to the legal liability of the person or property on which it is imposed." 3 Cooley, Taxation, § 1294, p. 2581 (4th Ed. 1924). See also *Board of Education of Passaic v. Board of Education of Twp. of Wayne*, 120 N.J.Super. 155, 293 A.2d 445; and *In Re Estate of Lytle*, 40 Ohio Misc. 36, 318 N.E.2d 880 (1974); 70 C.J.S. Payment § 156.

■ We hold appellants' payment of the use tax under a statute which was subsequently declared unconstitutional, constitutes an erroneous payment through a "mistake of law" under § 227, and the Commission erred in denying appellants' application for refunds unless appellants' failure to pay under protest precluded recovery.

Section 226 provides a legal remedy and a right of action in the state or federal courts for recovery of taxes but does not provide for an administrative remedy before the Commission. Section 226(b) provides that "Any such taxpayer shall pay the tax to the Tax Commission, and at the time of making such payment shall give notice to the Tax Commission of his intention to file suit for recovery of such tax." Commission contends that § 226 provided the remedy for challenging the unconstitutional statute in question and the recovery of the refund and that errors of the legislature in enacting unconstitutional statutes are not within § 227. Commission argues that failure to protest the payment of a tax precludes recovery of the tax under § 227.

■ Section 227 prescribes an administrative remedy to recover taxes erroneously paid. There is no requirement that the taxes be paid under protest before the administrative remedy is available. Except for the time in which a taxpayer may file for a refund, a taxpayer who has erroneously paid a tax through a mistake of law has the same rights as a taxpayer who has erroneously paid a tax through an error of computation. Since appellants claim was filed within the one (1) year period pre-

"The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued

right, or penalty incurred, or proceedings begun by virtue of such repealed statute."

scribed by § 227(b), their entitlement to refunds is governed by the same laws as though they had erroneously paid the tax, without protest, through error of computation. Section 227 may not be construed as precluding a taxpayer from recovering taxes erroneously paid without protest through an error in computation if the claim is timely filed and does not preclude recovery if the claim is based on a mistake of law.

ORDER REVERSED.

LAVENDER, C. J., and WILLIAMS, HODGES, BARNES, SIMMS, HARGRAVE and OPALA, JJ., concur.