IN THE MATTER OF THE PROTEST TO THE DENIAL OF THE SALES TAX CLAIM FOR REFUND



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:IN THE MATTER OF THE PROTEST TO THE DENIAL OF THE SALES TAX CLAIM FOR REFUND

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN THE MATTER OF THE PROTEST TO THE DENIAL OF THE SALES TAX CLAIM FOR REFUND
2020 OK CIV APP 61
Case Number: 118119
Decided: 10/23/2020
Mandate Issued: 11/19/2020
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2020 OK CIV APP 61, __ P.3d __

 

IN THE MATTER OF THE PROTEST TO THE DENIAL OF THE SALES TAX CLAIM FOR REFUND OF AT THE BEACH, LLC:

AT THE BEACH, LLC, Claimant/Appellant,
v.
OKLAHOMA TAX COMMISSION, Respondent/Appellee.

ADMINISTRATIVE APPEAL FROM THE
OKLAHOMA TAX COMMISSION

REVERSED

Jeffery S. Ludlam, Spencer Habluetzel, HALL & LUDLAM, PLLC, Oklahoma City, Oklahoma, for Claimant/Appellant,

Joseph P. Gappa, Elizabeth Field, Sharon R. Sitzman, OKLAHOMA TAX COMMISSION, Oklahoma City, Oklahoma, for Respondent/Appellee.

B.J. Goree, Judge:

¶1 At the Beach, LLC, (Claimant) pays sales tax to the Oklahoma Tax Commission each month. Due to an error in computation, Claimant made significant overpayments of its tax liability and it sought refunds according to Oklahoma's Uniform Tax Procedure Code. At the time Claimant overpaid its tax, the statute permitted a taxpayer to file a verified claim within three years from the date of the erroneous payment. But the statute was amended. By the time Claimant filed its claims, the new statute shortened the period to two years. Applying the two-year statute, the Commission denied a portion of the claims. Claimant appeals, asserting the three-year statute applies. We agree with Claimant and reverse the order for the reasons that follow.

The Parties' Arguments

¶2 Our task is to determine which statute applies.[1] The analysis begins with the Oklahoma Constitution. Article 5, §54 mandates that repeal of a statute shall not affect any accrued right.[2] The Tax Commission concluded that Claimant accrued a right to a sales tax refund but it had no substantive right to a statute of limitations, the latter being purely procedural. According to the OTC, the amended statute does not alter Claimant's right to a sales tax refund -- it limits (permissibly) the remedy by changing the operable time period. Thus, the Commission's argument is that the amended statute of limitations is to be given retroactive effect.

¶3 Claimant, on the other hand, argues that the time period is part of the right created by the statute. As an inherent element of the right to claim a refund, Claimant proposes the three-year period is substantive in nature and so the subsequent amendment shortening that period may only be given prospective effect.[3]

Analysis

¶4 The parties agree that 68 O.S. §227(a) allows a taxpayer to be refunded the amount of sales tax erroneously paid due to an error of computation. 68 O.S. §227(a).[4] The 2014 version of the statute [68 O.S. Supp. 2014 §227(b)] provides "Any taxpayer who has so paid any such tax may, within three (3) years from the date of payment thereof file with the Tax Commission a verified claim for refund of such tax so erroneously paid."

¶5 That paragraph was superceded August 26, 2016, and the new law [68 O.S. Supp. 2016 §227(b)(2)] provides: "Upon the effective date of this act, with respect to the [sales tax and use tax], any taxpayer who has so paid such sales or use tax may, within two (2) years from the date of payment thereof file with the Tax Commission a verified claim for refund of such tax so erroneously paid."

¶6 In summary, §227 allows for refund claims relating to state taxes.[5] Until August 26, 2016, a taxpayer who has erroneously overpaid may file a claim for a refund within three years from the date of payment. After August 26, 2016, a taxpayer who has erroneously overpaid may file a claim for a refund within two years from the date of payment. It is plain that the Legislature intended to limit the time for a claimant to request a refund, and the period accrues on the date the tax is overpaid.[6] What is unclear, though, is whether the Legislature was placing a limit on the right or on the remedy.

¶7 There are two types of statutes of limitation, those that affect the right Hiskett v. Wells,1959 OK 273, ¶11, 351 P.2d 300, 303, and those that affect only the remedy. Trinity Broadcasting Corp. v. Leeco Oil Co., 1984 OK 80, ¶9, 692 P.2d 1364,1367. The distinction is determinative here because when a statute of limitations is amended, as in the present case, the amendment cannot be given retroactive effect if it affects accrued rights. Cole v. Silverado Foods, Inc., 2003 OK 81, ¶7, 78 P.3d 542, 546.

¶8 When a statute creates a new liability, gives rise to an action to enforce it that was unknown to the common law, and fixes the time within which the action may be commenced, that time period is a limit on the right. Hiskett, Id. "A substantive statute of limitation is a condition or limitation on the right sought to be enforced." Hiskett, (syllabus by the Court).

¶9 Statutes affecting procedure only, as distinguished from those that affect substantive rights, may be applied retroactively. Trinity, ¶6. Statutes of limitation are viewed as procedural rather than substantive. Id. (holding that an amendment effected merely a procedural change and could be applied to pre-existing causes of action that were not barred at the time of passage). A statute of limitations does not vest rights in the length of a viable claim (until that claim becomes barred by the statute). Cole, ¶9. When such a statute becomes effective, it affects causes of action already in existence. Id.

¶10 Our analysis is significantly guided by Sun Oil Company v. Oklahoma Tax Commission, 1980 OK 150, 620 P.2d 896. Sun Oil acknowledged 68 O.S. 1971 §227 is a procedure for refund of taxes erroneously paid and stated, "if a taxpayer brought his claim within its purview he had a substantive right to the refund." Sun Oil, ¶8. In addition to granting a substantive right, §227 prescribes an administrative remedy to recover taxes erroneously paid. Sun Oil, Id. at ¶12. Although Sun Oil discussed the grounds for a valid refund claim rather than the time period for bringing it, we are persuaded the Court characterized §227 as a statute that created both a right and a remedy. This right did not previously exist at common law. Sullivan v. Oklahoma Tax Commission, 1954 OK 266, ¶11, 283 P.2d 521, 523 ("[T]he State cannot be sued for the recovery of taxes paid in the absence of legislative consent, and the right to recover taxes so paid must therefore be found in a statute").

¶11 The rationale for Sun Oil is equally applicable in the instant case. The Court observed that the claimant was seeking a refund of money paid to satisfy tax liabilities that accrued under the statute before it was amended. Sun Oil, ¶8. Likewise, At the Beach is seeking a refund of its tax liability that accrued before 2016 when the Legislature shortened the time period for making the claim.

¶12 Shortening the time period of §227 would diminish the compensation Claimant would be entitled to under the former statute. This consequence suggests the amended statute affects a substantive right. "After-enacted legislation that increases or diminishes the amount of recoverable compensation or alters the elements of the claim or defense by imposition of new conditions affects the parties' substantive rights and liabilities." Cole, ¶15. This is true even in cases where the claim is not filed until after the amendment takes effect. Amos v. Spiro Public Schools, 2004 OK 4, ¶8, 85 P.3d 813, 816.

Conclusion

¶13 Title 68 O.S. §227 grants a taxpayer a right to a refund of tax erroneously paid which did not exist at common law. It is a substantive right that is conditioned on a timely filed claim. The right accrues when the erroneous tax is paid and the time period to file the claim is an inherent part of that right. A subsequent amendment of the statute cannot affect accrued rights. Claimant, At the Beach, gained a substantive right to sales tax refunds provided that it met the claims procedures within the purview of 68 O.S. Supp.2014 §227(b). Title 68 O.S. Supp.2016 §227(b)(2), and its two-year limitation period in particular, cannot be applied retroactively because doing so would affect an accrued right in violation of Oklahoma Constitution, Art.5, §54. Therefore, Oklahoma Tax Commission Order No. 2019-07-09-05 dated July 9, 2019, is REVERSED.

BELL, P.J., and BUETTNER, J., concur.

FOOTNOTES

[1] The question involves interpretation of tax statutes which is a legal issue that calls for de novo review. Matter of Protest of Hare, 2017 OK 60, §9, 398 P.3d 317, 319..

[2] "The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute." Okla. Const., Art.5, §54.

[3] Because we agree with Claimant that the order of the OTC must be reversed because it erroneously applied 68 O.S. Supp.2016 §227(b)(2) retroactively, we decline to decide whether that statute violates the constitutional prohibition against the enactment of special legislation. Okla.Const. Art.5, §46.

[4] "Any taxpayer who has paid to the State of Oklahoma, through error of fact, or computation, or misinterpretation of law, any tax collected by the Tax Commission may, as hereinafter provided, be refunded the amount of such tax so erroneously paid, without interest." 68 O.S. Supp. 2014 §227(a). This portion of §227 was not changed by the 2016 amendment.

[5] The title of the 2016 enactment is: "An Act relating to revenue and taxation; amending 68 O.S. 2011, Section 227, as amended by Section 2, Chapter 274, O.S.L. 2014 (68 O.S. Supp. 2015, Section 227), which relates to refund claims for state taxes; and modifying period of limitation with respect to sales and use tax refund claims."

[6] Generally, a statute of limitations begins to run when a cause of action accrues, and a cause of action accrues at the time when a litigant first could have maintained his action to a successful conclusion. Sherwood Forest No. 2 Corp. v. City of Norman, 1980 OK 191, ¶10, 632 P.2d 368, 370.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1954 OK 266, 283 P.2d 521, SULLIVAN v. OKLAHOMA TAX COMMISSION
Discussed
 1959 OK 273, 351 P.2d 300, HISKETT v. WELLS
Discussed
 2003 OK 81, 78 P.3d 542, COLE v. SILVERADO FOODS, INC.
Discussed
 2004 OK 4, 85 P.3d 813, AMOS v. SPIRO PUBLIC SCHOOLS
Discussed
 2017 OK 60, 398 P.3d 317, IN THE MATTER OF THE INCOME TAX PROTEST OF HARE
Discussed
 1980 OK 150, 620 P.2d 896, Sun Oil Co. v. Oklahoma Tax Commission
Discussed
 1980 OK 191, 632 P.2d 368, Sherwood Forest No. 2 Corp. v. City of Norman
Discussed
 1984 OK 80, 692 P.2d 1364, 55 OBJ 2392, Trinity Broadcasting Corp. v. Leeco Oil Co.
Discussed
Title 68. Revenue and Taxation
 Cite
Name
Level

 68 O.S. 227, Refund of Erroneous Payments - Hearing
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA