T.R. and D.M. TURNER, Appellants,

v.

OKLAHOMA TAX COMMISSION, Appellee.

No. 79443.

Supreme Court of Oklahoma.

June 2, 1993.

Rehearing Denied Sept. 15, 1993.

Charles D. Harrison, Houston & Klein Tulsa, for appellants.

David Hudson, Gen. Counsel, J.L. Miller, John A. Grison, Jr., Assts. Gen. Counsel, Oklahoma Tax Com'n, for appellee.

WATT, Justice.

This is an appeal from the Tax Commission's order of March 17, 1992 denying the Turners' claim for refund of income taxes paid on a lump sum distribution from a qualified pension plan. The Court of Appeals, Division 3, reversed and instructed the Commission to grant Taxpayers' refund claim. We granted certiorari on April 19, 1993.

### FACTS

The parties have stipulated to the facts pertinent to this matter. The Turners received a lump sum distribution of $231,-

089.00 from a qualified pension plan during their taxable year ending July 31, 1982. The Turners used the 1981 version of Form 511 to report their lump sum distribution because the Commission's Oklahoma Individual Income Tax Form 511 for 1982 was not yet available. Beginning with its 1983 version, Form 511 contained the following instruction:

> Lump sum distributions from pension and profit sharing plans ... must be added to Federal Adjusted Gross Income. The ordinary income portion and 40% of the capital gain portion should be reported here [on Line 11 of the Form 511].

The Turners had not reported the $231,089.00 they received as a lump sum distribution from the qualified pension plan on Line 11 of the 1981 Form 511 because the instructions on the 1981 version of the Form 511 did not require it.

In July 1984 the Turners, in response to the instruction on Form 511, filed an amended return for the period ending July 31, 1982 to reflect the inclusion of the $231,089.00 as taxable income. The Turners paid an additional $23,239.00 because of having reported the lump sum distribution as income.

In 1989, in a case involving other taxpayers, the Commission entered an order in which it changed its interpretation of the Oklahoma income tax statutes. The Commission concluded in its 1989 order that the Oklahoma Income Tax Act did not authorize further adjusting Federal Adjusted Gross Income to include lump sum distributions from qualified benefit plans. Had the Commission's 1989 interpretation been effective in 1984, the Turners would not have been required to amend their return and pay the additional $23,239.00.

In 1990, after reading a newspaper report of the Commission's change of position, the Turners filed a claim for refund of the $23,239.00 they had paid in 1984. The Commission denied the Turners' claim. Although they filed their claim beyond the three-year period allowed by statute, 68 O.S.1991 § 2373, the Turners contend that the Commission is equitably estopped to assert the statute of limitations.[1] The Turners say they paid Oklahoma income tax on the distribution only because the Commission "unlawfully and fraudulently" misled the Turners. The Turners also contend that the Commission should be equitably estopped because the public policy in favor of protecting retirement benefits requires such a result. We disagree with both arguments.

### ISSUE

Was the Commission equitably estopped to apply the statute of limitations as a bar to the Turners' claim for refund? We answer no.

### DISCUSSION

■ The Turners' equitable estoppel claim must fail. The Turners had a clear remedy which they did not use after paying the taxes about which they now complain. Also, nothing in the Commission's conduct will support an inference of bad faith, or misconduct of any other kind, upon which the Turners could reasonably have relied.

A taxpayer has a right to protest any assessment of the Commission. 68 O.S. 1991 § 221(c).[2] The Commission must then hold a hearing on the taxpayer's protest. If the protest is denied the taxpayer may appeal to this Court. 68 O.S.1991 § 221(g)

---

1. Under 68 O.S.1991 § 2373 taxpayers may claim refunds only for taxes that they have overpaid within three years preceding the date of the claim for refund. The amount recoverable

> ... shall not exceed the portion of the tax paid during the three (3) years immediately preceding the filing of the claim, or if no claim was filed, then during the three (3) years immediately preceding the allowance of the refund....

Because the Turners paid the tax more than three years before they sought the refund this section bars their recovery.

2. 68 O.S.1991 § 221(c) provides in material part:

> (c) Within thirty (30) days after the mailing of the aforesaid proposed assessment, the taxpayer may file with the Tax Commission a written protest under oath....

and § 225(a).[3] The Turners did not use these procedures. Instead, they voluntarily paid the additional tax without protest.

We rejected a contention similar to that which the Turners make here in *Sullivan v. Oklahoma Tax Commission*, 283 P.2d 521, 523 (Okla.1955). In *Sullivan* the taxpayers had paid income tax on capital gains from the sale of stock in 1923, which later events apparently demonstrated was not owed. In 1947 the taxpayers' assignee filed a suit against the Commission in which he claimed the tax was illegal and that the Commission's assessment of it had "coerced" the taxpayers into "involuntarily" paying the tax. We rejected the contention because "the state has provided a method whereby illegal taxes may be recovered and *this remedy is exclusive ...*" [Emphasis added.] We see no significant distinction between *Sullivan* and this appeal. Here, the Turners could have paid the tax under protest. Had the Turners presented this issue to the Commission they could have received the same favorable ruling the Commission gave the 1989 taxpayers.

The Turners would have us ignore the adversarial nature of the relationship between the Commission and taxpayers in matters involving interpretation of tax statutes. The Commission has a duty to collect the maximum amount of taxes allowed by law, while taxpayers have the right to pay the minimum tax possible under the law. Thus, taxpayers and the Commission often disagree over interpretation of tax statutes. That is why the legislature has made this Court, not the Commission, the final arbiter of the meaning of such statutes. Thus, there is no basis for the Turners' claim that they reasonably relied on the Commissions interpretation of the tax statute to the extent that they did not assert their appeal rights.

The Turners rely on *Burdick v. Independent School Dist.*, 702 P.2d 48, 55 (Okla.1985). There, we affirmed a trial court ruling that the Oklahoma City School District was estopped to deny that students were in the Mid–Del District. The students had been allowed to attend the Mid–Del schools for a considerable time without objection of either district. We noted, that when the Oklahoma City District told the students' mother that her children were not within the Oklahoma City District, it "effectively refused to provide her children with school services." Here, by contrast, the Turners voluntarily paid the tax and failed to use the comprehensive protest and appeal procedures provided for their benefit in § 221 and § 225. *Burdick*, therefore, does not support the Turners' argument.

■ We decline to declare an estoppel based on the Commission's fair and flexible decision to change its interpretation of the tax statutes. The Turners' difficulty here arose not because the Commission changed its interpretation of the statutes, but because the Turners' failed to pursue their exclusive remedies under § 221 and § 225.

■ Finally, we reject the Turners contention that an estoppel should be declared as a matter of public policy because the tax they paid was on retirement funds. We so hold because the facts in the record before us will not support an estoppel on any theory.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED AND TAX COMMISSION ORDER AFFIRMED.**

All the Justices concur.

---

**3.** 68 O.S.1991 § 221(g) provides in material part:

> (g) ... The Tax Commission shall make and enter an order in writing in which it shall set forth the disposition made of the protest.... The taxpayer may within the time and in the manner provided for by Section 225 of this Code Appeal to the Supreme Court....

68 O.S.1991 § 225(a) provides in material part:

> (a) Any taxpayer aggrieved by any order, ruling, or finding of the Tax Commission directly affecting such taxpayer or aggrieved by a final order of the Tax Commission issued pursuant to subsection (g) of Section 221 of this title may appeal therefrom directly to the Supreme Court of Oklahoma....