OSCN Found Document:MEADOWS v. OKLAHOMA TAX COMMISSION

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 MEADOWS v. OKLAHOMA TAX COMMISSION
2017 OK CIV APP 24
Case Number: 113292
Decided: 04/05/2017
Mandate Issued: 05/11/2017
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA DIVISION II
Cite as: 2017 OK CIV APP 24, __ P.3d __

 



JERRY D. MEADOWS, Petitioner,
v.
OKLAHOMA TAX COMMISSION, an Agency of the State of Oklahoma, Respondent.





PROCEEDING TO REVIEW AN ORDER OF
THE OKLAHOMA TAX COMMISSION





VACATED AND REMANDED WITH INSTRUCTIONS





Jerry D. Meadows, Tulsa, Oklahoma, Pro Se Appellant
Marjorie L. Welch, Interim General Counsel, Linda Samuel-Jaha, Assistant General Counsel, OKLAHOMA TAX COMMISSION, Oklahoma City, Oklahoma, for Appellee







JOHN F. FISCHER, PRESIDING JUDGE:



¶1 Jerry D. Meadows appeals the dismissal by the Oklahoma Tax Commission of his April 23, 2014 Application for Hearing. In that document, Meadows argued the Commission erred when it failed to enforce state income tax withholding law concerning a distribution from his employer-sponsored retirement account. The administrative law judge assigned to the matter treated Meadows' Application as an attempt to appeal the denial of two previous settlement proposals and determined that he did not have jurisdiction to hear the matter. The judge recommended that the Commission's Compliance Division's response to Meadows' Application be treated as a motion to dismiss for lack of jurisdiction and be granted. The Commission adopted the administrative law judge's recommendation and dismissed Meadows' Application for Hearing. Because Meadows has abandoned any review of the denial of his settlement proposals, we vacate the Commission's order and remand this case for a hearing on Meadows' claim that the Commission failed to enforce Oklahoma withholding law.[1]


BACKGROUND


¶2 The relevant facts have been stipulated to by the parties or otherwise are not in dispute. In 2002, Meadows pled guilty to federal criminal charges of embezzling money from his former employer, Explorer Pipeline Company. He was ordered to make restitution to Explorer of $4,715,359. On November 6, 2009, a federal magistrate judge issued a writ of garnishment to Wilmington Trust Retirement and Institutional Services Company, the trustee of Explorer's retirement plan. The writ directed Wilmington to pay any funds held for Meadows' benefit to the clerk of the federal court. Wilmington did so, transferring $199,835.29 from Meadows' retirement account after withholding an amount for federal income taxes. Wilmington did not withhold any amount for Oklahoma income taxes. Explorer received the $199,835.29 in partial satisfaction of the amount due from Meadows.


¶3 On June 30, 2010, Meadows filed an amended Oklahoma tax return reflecting the $199,835.29 distribution from his retirement account, his principal source of income for the 2009 tax year. The amended return stated that Meadows owed tax for the year 2009 in the amount of $10,991. The Commission began collection efforts. On October 19, 2010, it issued a tax warrant for the unpaid tax for year 2009 plus interest and penalties, which was recorded by the Tulsa County clerk. Meadows telephoned the Commission on October 27, 2010, explaining the situation and asking why Explorer did not withhold the Oklahoma income taxes due on his retirement plan distribution. He was advised that withholding was not required because Explorer was offsetting the distribution with Meadows' restitution obligation. Meadows wrote to the Commission on October 29, 2010, asking again why the tax was being collected from him instead of his former employer "who failed to withhold any tax on the pension distribution." (Emphasis in original.) Meadows spoke with Commission personnel again on December 5, 2011, including an individual in the Commission's legal department, who requested an audit of Explorer. When it was determined that "the company is closed," the Commission's legal staff concluded that Meadows still owed the tax and an audit was unnecessary.


¶4 The Commission treated Meadows' October 29, 2010 letter as a request for settlement. On July 30, 2012, Meadows tendered $50 in settlement of his 2009 tax liability. The Commission denied Meadows' settlement proposal at its August 21, 2012 meeting. The Commission notified Meadows of this action by letter dated September 4, 2012, but did not provide a reason for its decision. On September 30, 2012, Meadows filed an Application for Settlement of Tax Liability on Commission form OTC-600, offering to pay $100 in two monthly installments. As grounds for the settlement, Meadows checked the box indicating that his tax liability was uncollectible due to his insolvency and resulted from factors beyond his control. Meadows explained the circumstances regarding the retirement account distribution and the failure to withhold Oklahoma taxes. He stated that he did not receive any of the money distributed, and his tax liability was now equal to his $16,000 annual income. Meadows concluded that if taxes had been withheld as required by Oklahoma law, he would have no tax liability. Meadows signed the application under penalty of perjury and completed and attached the Commission's Statement of Financial Condition for Individuals form in support of his position.


¶5 On July 3, 2013, Meadows filed a Request for Review of the Commission's August 21, 2011 decision. Meadows again asserted his inability to pay and pointed out that he had not received any of the money generating the tax, and that Oklahoma law required income tax due on the distribution to be withheld by the party making the distribution. Counsel for the Commission responded on July 8, 2013, stating that review was unavailable. That was because the Commission had considered his October 29, 2010 letter as a request to settle an admitted tax liability pursuant to 68 O.S.2011 § 219.1, rather than a request governed by 68 O.S.2011 § 221(e), to abate taxes assessed by the Commission. The letter quoted paragraph "D" of section 219.1, which provides that a taxpayer has "no right of appeal to any court" from a Commission decision to deny a taxpayer's proposed settlement. Meadows also was informed that his second application for settlement was still pending but would be presented to the Commission. It is undisputed that the Commission denied Meadows' second application for settlement at its meeting on December 3, 2013. However, the Commission did not include the letter informing Meadows of that action in the appellate record.


¶6 During this time, Meadows also had filed two suits in the district court of Tulsa County. Both suits named Explorer as a defendant, and one of the suits also named the Commission as a defendant. Both suits alleged that Explorer and/or the Commission were liable for not withholding Oklahoma income tax from the 2009 retirement account distribution. Both suits were removed to the United States District Court for the Northern District of Oklahoma and on April 7, 2014, were dismissed on motion of the defendants. With respect to Meadows' suit against the Commission, the federal court found that Meadows had failed to exhaust administrative remedies to protest the collection of a tax because he had not sought a hearing before the Commission pursuant to 68 O.S.2011 § 221, or appealed to the Oklahoma Supreme Court pursuant to 68 O.S.2011 § 225, which in the court's view was the "legislatively mandated procedure." The federal court also denied Meadows' request for a writ of mandamus, finding that it lacked jurisdiction to compel the Commission to collect the tax from Explorer or abate collection of the tax from Meadows.


¶7 On April 23, 2014, Meadows filed the Application for Hearing which is the subject of this appeal. Meadows stated that the Commission had informed him he had not exhausted available administrative remedies, and his Application was "the next step in the administrative process." Meadows alleged that the Commission failed to enforce withholding provisions of Oklahoma tax law related to the 2009 retirement plan distribution, and Explorer was required to withhold and remit to the Commission the Oklahoma tax due on that distribution. Meadows' Application was referred to an administrative law judge for hearing. The Commission's Compliance Division filed a response in which it asserted as "undisputed" Meadows' receipt of the distribution from his retirement account and his responsibility for the tax due on that amount.[2] The Division conceded that Meadows was entitled to a hearing pursuant to 68 O.S.2011 § 207, but argued that there was no provision within state law or the OTC's Rules of Practice and Procedure requiring the OTC to collect state taxes not withheld, which were due as a result of a pension distribution, solely from the payor of the distribution. The Division requested a finding that the taxes, interest, fees and penalties "are in fact due and owing" from Meadows.


¶8 During a prehearing telephone conference, the administrative law judge determined that the parties agreed there were no disputed facts and 68 O.S.2011 § 221, governing written taxpayer protests, did not apply. The judge deemed the Division's response a motion to dismiss for lack of jurisdiction and set the matter for oral argument. The judge informed the parties that argument would be limited to the effect of section 219.1(D) on Meadows' right to appeal the Commission's August 2012 and December 2013 denials of his settlement proposals. At Meadows' request, the oral argument was cancelled and the matter submitted on briefs. In his Findings, Conclusions and Recommendations, the administrative law judge found that the Commission had denied two requests for settlement proposed by Meadows, and the language of section 219.1(D) was clear. The judge concluded that the Commission's decision to deny a request for settlement was final pursuant to section 219.1(D), which specifically provided that the aggrieved taxpayer had no right of appeal. The administrative law judge concluded, therefore, that he did not have jurisdiction over the matter and recommended that Meadows' Request for Hearing be dismissed. Meadows appeals the Commission's December 2, 2014 Order adopting the administrative law judge's Findings, Conclusions and Recommendations.[3]


STANDARD OF REVIEW


¶9 Meadows' appeal challenges the Commission's interpretation of 68 O.S.2011 § 219.1(D). Statutory interpretation presents a question of law. Troxell v. Okla. Dep't of Human Servs., 2013 OK 100, ¶ 4, 318 P.3d 206. The Commission's "legal rulings are subject to an appellate court's plenary, independent and nondeferential reexamination." American Airlines, Inc. v. State ex rel. Okla. Tax Comm'n, 2014 OK 95, ¶ 25, 341 P.3d 56 (footnote omitted) (citing Blitz U.S.A., Inc. v. Okla. Tax Comm'n, 2003 OK 50, ¶ 6, 75 P.3d 883). The legislature has made the courts, not the Commission, the final arbiter of the meaning of tax statutes. Turner v. Okla. Tax Comm'n, 1993 OK 77, ¶ 10, 858 P.2d 433.


ANALYSIS


¶10 As previously stated, the administrative law judge determined that he did not have "jurisdiction" to consider Meadows' Application for Hearing. He did so based on his erroneous conclusion that Meadows had requested review of the denial of a proposed settlement which, pursuant to 68 O.S.2011 § 219.1(D), was a final decision with no right of appeal. "The decision of the members of the Tax Commission in denying the abatement of any tax liability pursuant to this section shall be final and no right of appeal to any court may be taken from such decision." Id. The administrative law judge's determination was error because Meadows has abandoned any request to review the Commission's denial of his proposed settlement of his tax liability.


¶11 The Application for Hearing that Meadows filed on April 23, 2014, does not mention the Commission's August 2012 or December 2013 decisions denying his proposed request for settlement. He requested a hearing on the Commission's alleged failure "to follow, enforce, and collect income tax under the withholding requirements on lump sum distributions from an employer sponsored pension plan" and his former employer's failure to withhold and remit to the Commission the required tax on the distribution. When Meadows responded to the Compliance Division's brief, he admitted that "the amounts of tax, interest and penalties in question are correct." He did not mention his financial condition or refer to his offer to settle his tax liability. Instead, Meadows discussed his interpretation of the withholding obligations related to the distribution from his retirement account and argued that the Commission was responsible for enforcing the withholding law applicable to his former employer. Finally, after receiving the administrative law judge's summary of the prehearing conference, including the identification of a jurisdictional issue not raised by the parties, Meadows filed his Request for Written Summary Decision on Jurisdiction. In that request, Meadows stated that his settlement proposals had already been ruled on, he was not appealing those Commission decisions, section 219.1(D) made it clear the Commission's decisions were final, and there was no jurisdiction question. Meadows stated that the "focus" of his protest was "the actions of the Commission and their non enforcement [sic] of the tax laws."


¶12 In the supporting brief filed with its June 6, 2014 response to Meadows' Application for Hearing, the Division framed the issue as whether there was any "provision within state law or the OTC's Rules of Practice and Procedure that requires the OTC to collect state taxes not withheld which were due as a result of a pension distribution solely from the payor of the distribution." The Compliance Division conceded that Meadows was entitled to a section 207 hearing on that issue. Title 68 O.S.2011 § 207 provides, in part:




(c) Any person desiring a hearing before the Tax Commission shall file an application for such hearing, signed by himself or his duly authorized agent . . .


(d) . . . . The Tax Commission shall, as soon as practicable thereafter, hold a hearing upon the matter and, pursuant to such hearing, shall, as soon as practicable, make an order confirming, modifying or vacating its prior determination, and shall send to the parties appearing before it at such hearing immediately a copy of such order.




The Division is correct. Meadows' April 23, 2014 Application for Hearing satisfies the requirements of section 207.[4] He is entitled to a hearing on the issues raised in that Application.[5]


CONCLUSION


¶13 Meadows filed an Application for Hearing concerning the law applicable to the withholding of Oklahoma income taxes from an involuntary distribution from his retirement account. The Commission erroneously treated the Application as an attempt to appeal the denial of two settlement proposals and dismissed the Application for lack of jurisdiction. The Commission's December 4, 2014 Order is vacated, and this case is remanded with instructions to conduct a hearing of the issues raised in Meadows' Application, consistent with this Opinion.




¶14 VACATED AND REMANDED WITH INSTRUCTIONS.





RAPP, J., and GOODMAN, J., concur.





FOOTNOTES




[1] On October 13, 2014, Meadows filed a document styled Appeal of Oklahoma Tax Commission Decision and Petition for Writ of Mandamus. This Court's disposition of the appeal makes it unnecessary to consider whether, at this time, we should exercise our authority to grant the relief requested. Okla. Const. art. 7, § 4.





[2] Although Meadows received a benefit from the distribution in that the amount he owes his former employer has been reduced, it is clear from this record that the retirement account distribution was paid by the federal court clerk directly to Explorer.





[3] In his brief in chief, Meadows requests that his appeal be set for oral argument. We do not find that oral argument would advance the resolution of the issues and, therefore, deny Meadows' request for oral argument.





[4] Section 207(c) further provides that the application shall set forth:


(1) A statement of the nature of the tax, the amount thereof in controversy, and the action of the Tax Commission complained of;
(2) A clear and concise assignment of each error alleged to have been committed by the Tax Commission;
(3) The argument and legal authority upon which each assignment of error is made; provided, that the applicant shall not be bound or restricted in such hearing, or on appeal, to the arguments and legal authorities contained and cited in said application;
(4) A statement of the relief sought by the taxpayer;
(5) A statement of the witnesses, so far as such witnesses are then known to the taxpayer, showing their names and addresses, and, if the taxpayer so desires, a request that such witnesses be subpoenaed;
(6) A verification by such person, or his duly authorized agent, that the statements and facts therein contained are true.





[5] This Opinion does not address the scope of the issues that may be litigated during the hearing. The preclusive effect of any prior ruling on any issue collateral to the issues raised in Meadows' Application has not been raised by the parties and is not addressed by this Opinion.









 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1993 OK 77, 858 P.2d 433, 64 OBJ 1864, Turner v. Oklahoma Tax Com'n
Discussed
 2003 OK 50, 75 P.3d 883, BLITZ U.S.A., INC. v. OKLAHOMA TAX COMMISSION
Discussed
 2013 OK 100, 318 P.3d 206, TROXELL v. OKLAHOMA DEPT. OF HUMAN SERVICES
Discussed
 2014 OK 95, 341 P.3d 56, AMERICAN AIRLINES, INC. v. STATE ex rel. OKLAHOMA TAX COMMISSION
Discussed
Title 68. Revenue and Taxation
 Cite
Name
Level

 68 O.S. 219.1, Tax Liability and Interest - Abatement
Discussed at Length
 68 O.S. 207, Hearings by Tax Commission
Discussed
 68 O.S. 221, Failure of Taxpayer to Make Report or Return - Tax Commission Examination - Taxpayer's Written Protest under Oath - Hearing - Office Audit
Discussed at Length
 68 O.S. 225, Appeals
Cited